George **SULLIVAN**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 92–6545.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 14, 1993.

Decided Dec. 3, 1993.

---

George Sullivan (briefed), pro se.

Karen K. Caldwell, U.S. Atty. and David Bunning, Asst. U.S. Atty. (briefed), Office of the U.S. Atty., Lexington, KY, for respondent-appellee.

Before: MERRITT, Chief Judge; JONES, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

Petitioner-appellant, George Sullivan, appeals the denial of his motion to vacate filed pursuant to 28 U.S.C. § 2255, by the United States District Court for the Eastern District of Kentucky, Pikeville Division. Petitioner had been convicted, pursuant to a guilty plea, of violating 21 U.S.C. § 846, conspiracy to distribute controlled substances. He was sentenced to sixty-three months imprisonment. Petitioner then filed a 28 U.S.C. § 2255 Motion To Vacate Sentence, alleging that the United States had violated the terms of the plea agreement by not requesting a downward departure in his sentence, pursuant to FED.R.CRIM.P. 35(b) and U.S.S.G. § 5K1.1, for providing "substantial assistance" to the government. Petitioner also contends he was provided with ineffective assistance of counsel because his attorney did not inform him that the government could refuse to request a downward departure. The matter was referred to a Magistrate Judge who recommended petitioner's motion be denied. Petitioner filed his objections to the Magistrate Judges' report. The district court overruled petitioner's objections and adopted the findings of the Magistrate Judge. Petitioner, *pro se*, filed a timely Notice of Appeal.

## I.

On June 20, 1990, petitioner appeared in open court with counsel and retracted his previously entered plea of not guilty. He opted instead to plead guilty pursuant to an oral plea agreement which was taken on the record. The plea agreement indicated that if petitioner cooperated fully and completely, the government would motion the district court for a downward departure of petitioner's sentence based on the substantial assistance provided to the government by petitioner. Petitioner's attorney stated that the oral plea agreement accurately stated petitioner's understanding of the agreement. The district court then reviewed the terms of the guilty plea with petitioner. Petitioner personally acknowledged that these were, in fact, the terms as he understood them to be. Sentencing was then scheduled for a later date.

Prior to petitioner's actual sentencing, the government informed petitioner that his cooperation had not been deemed to be of "substantial assistance" and the government would not seek a downward reduction in his sentence. At sentencing, petitioner failed to state any objections to the governments lack of a downward departure request. Thereupon, the district court sentenced petitioner accordingly.

## II.

█ Petitioner contends on appeal that the district court erred in denying him the relief sought via the 28 U.S.C. § 2255 motion to vacate. Petitioner argues that the government failed to maintain its part of the plea agreement, to-wit: requesting a downward reduction in petitioner's sentence based upon his substantial assistance. Petitioner argues that he provided substantial assistance by furnishing a list containing the names of fifteen to twenty people involved in drug distribution, that he remained willing to testify in other cases and had submitted to debriefing by the government. Thus, petitioner asserts that he had cooperated to the fullest extent of his abilities, therefore, the government had no discretion in electing to make the downward departure request.

The government insists that the decision of whether to request a downward departure was exclusively within its province so long as it was made in good faith. The government claims the term "substantial assistance" means more than an attempt to cooperate. Apparently, the names provided by petitioner proved to be of no consequence as they were either already known to government agencies or failed to result in any other government actions being taken.

Unfortunately, in the case at bar, a review of the plea colloquy reveals that the term "substantial assistance" was never defined. It is clear, however, that petitioner was expected to provided "full cooperation with regard to any individual [who might be investigated]...." Jt.App., p. 6. U.S.S.G. § 5K1.1 authorizes the government to request a downward departure if defendant "has provided substantial assistance **in the investigation or prosecution of another person who has committed an offense...."**

In *United States v. Bagnoli*, 7 F.3d 90, (6th Cir. (Ky)), this court recognized that the United States Supreme Court has set out the standard to be used in such claims in *Wade v. United States*, —— U.S. ——, ——, 112 S.Ct. 1840, 1844, 118 L.Ed.2d 524 (1992). In *Wade*, the United States Supreme Court held that district courts may consider claims that the government withheld a request for a downward departure based on unconstitu-

tional motives. *Wade v. United States*, —— U.S. at ——, 112 S.Ct. at 1844. The *Wade* court went on to state that a claim that "a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an additional hearing. Nor would additional but generalized allegations of improper motive." *Id.* (citations omitted). Finally, the *Wade* court concluded that merely showing that assistance was provided is not enough, for if the government concludes by a rational assessment that a departure request is not warranted, then no relief is available. *Id.* In *Bagnoli*, this court noted that it is incumbent upon the petitioner to first make a threshold demonstration that the government was "motivated by unconstitutional considerations when deciding not to move for a downward departure." *Bagnoli*, 7 F.3d at 92.

In the present case, petitioner has failed to identify any constitutional infirmity which would provide the basis for the government's failure to make the departure motion. Nor does petitioner assert that the government was specifically required, as part of the plea bargain, to make the motion. In the absence of any specific requirement, made on the record, obliging the government under any circumstances to make a departure request, and absent an allegation that the government was acting out of unconstitutional motives, petitioner's request for relief was properly denied by the district court. The government's stated reasons for refusing to motion the district court for a downward departure, i.e. defendant's information did not amount to "substantial assistance", was a rational and acceptable reason for the government to refuse to request a downward departure.

## III.

█ Petitioner also contends that the district court erred in refusing to grant his motion to vacate sentence on the basis that he was provided with ineffective assistance of counsel when he entered into a plea agreement. Petitioner argues that his counsel failed to explain to him that the government was under no obligation to request a downward departure. Petitioner further claims

that he was misled by his counsel into believing all that was required of him was to provide information of violations of law, which he claims he did, and that he could expect the government's downward departure motion in return.

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Lewandoski v. Makel,* 949 F.2d 884, 888 (6th Cir.1991). A reviewing court's scrutiny of counsel's performance is highly deferential. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

In the context of a guilty plea, the United States Supreme Court has held as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based upon ineffective assistance of counsel. In the context of guilty pleas, the first half of *Strickland v. Washington* test is nothing more than a restatement of attorney competence.... The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart,* 474 U.S. 52, 58–9, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *see also Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.) *cert. denied,* 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

In the case at bar, petitioner's claim fails to meet even the first prong of *Strickland.* There has been no showing that counsel's performance was not competent. The record reveals that the district court discussed the terms of the plea agreement with petitioner and that he was informed of the possible sentence which he faced. These terms were discussed, in petitioner's presence, in open court and on the record. There is no showing that petitioner was lied to or misled.

Furthermore, there is no indication that, had petitioner known more, he would not have pled guilty. The government informed petitioner before sentencing that no departure request would be made, yet, no objection was entered at, or before, sentencing. Had petitioner attempted to withdraw his plea before sentencing, this might be some evidence that if petitioner had known that no departure motion would be made, he would not have entered a guilty plea. Without more, petitioner has failed to demonstrate he was prejudiced.

The government asserts that petitioner was specifically informed that the request would be made at the discretion of the government. A review of the record fails to support the government's assertion. Nevertheless, although it would have perhaps been better had petitioner been specifically told that any motion for a downward reduction was at the government's discretion, it cannot be said that the failure of defendant's counsel to so inform him amounted to ineffective assistance of counsel. We do note, that the better practice would, in fact, be for the government to affirmatively state on the record that whether petitioner has provided "substantial assistance" will be left to the government.

## IV.

The Order of the District Court denying petitioner's Motion To Vacate is hereby **AFFIRMED.**