**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodney WILLIAMS, Defendant–**
**Appellant.**

No. 94–5785.

United States Court of Appeals,
Sixth Circuit.

Argued April 17, 1995.

Decided May 17, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied June 29, 1995.

Stuart J. Canale (argued) and Joseph C. Murphy, Jr., (briefed), Asst. U.S. Attys., Office of the U.S. Atty., Memphis, TN, for plaintiff-appellee.

Robert C. Brooks (argued and briefed), Office of the Federal Public Defender, Memphis, TN, for defendant-appellant.

Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.

SILER, Circuit Judge.

Defendant Rodney Williams appeals the sentence received following his guilty plea to conspiracy to possess with intent to distrib-

ute cocaine. Williams argues that the Sentencing Commission exceeded its statutory authority by including conspiracy as a triggering offense for purposes of the career offender provision of the sentencing guidelines.[1] *See* USSG § 4B1.1. Additionally, he contends that the district court erred in denying his motion for a downward departure. Based on the following discussion, we affirm the decision below, and adopt the majority position regarding the career offender provision.

## I.

Defendant Williams was charged with conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. § 846, and aiding and abetting the possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On December 7, 1993, after an aborted trial, the defendant pleaded guilty to conspiracy to possess cocaine base with intent to distribute.

On the day before the sentencing hearing, Williams filed a motion for a downward departure under USSG § 5K1.1, based upon his attempts to cooperate, which had been allegedly frustrated by the government. Alternatively, Williams moved for additional time to work for the departure. At the sentencing hearing, the government declined to move for a downward departure, stating that Williams had not provided substantial assistance. The district court concluded that the government had the discretion to make a downward departure motion, and declined to depart in the absence of such a motion. The court also denied defendant's motion for additional time, finding that "a substantial amount of time has elapsed since the guilty plea and [the government is] not required to wait indefinitely." The court sentenced Williams as a career offender to 168 months imprisonment and 5 years supervised release.

## II.

◼ The district court found that Williams was a career offender based on his conviction for conspiracy to possess cocaine. *See* USSG § 4B1.1. The defendant did not object to this finding so we review only for plain error.[2] *United States v. Thomas,* 11 F.3d 620, 629 (6th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1570, 128 L.Ed.2d 214 (1994).

The plain error doctrine involves the following analyses:

> "First, we are to consider whether an error occurred in the district court. Absent any error, our inquiry is at an end. However, if an error occurred, we then consider if the error was plain. If it is, then we proceed to inquire whether the plain error affects substantial rights. Finally, even if all three factors exist, we must then ... decide whether the plain error affecting substantial rights seriously affected the fairness, integrity or public reputation of judicial proceedings."

*United States v. Nelson,* 27 F.3d 199, 202 (6th Cir.1994) (quoting *Thomas,* 11 F.3d at 629). We thus begin by asking whether the district court erred in determining that a conspiracy to possess cocaine may be used to classify the defendant as a career offender under § 4B1.1 of the guidelines.

### A. Career Offender Designation

A defendant is a career offender if:

(1) [he] was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a **controlled substance offense,** and (3) he has at least two prior felony convictions of either a crime of violence or a **controlled substance offense....**

USSG § 4B1.1 (emphasis added). A "controlled substance offense" is defined, in relevant part, as "an offense under a federal or state law prohibiting ... the possession of a controlled substance ... with intent to ...

---

1. This question is also before other panels of the Sixth Circuit in the cases of *United States v. Pujul,* Nos. 93–4354, 94–3062/3294/3297, *United States v. Hornrich and Reyes,* Nos. 94–1220/1284 and *United States v. Butler,* Nos. 94–5523/5587.

2. The defendant did challenge the career offender designation based on the issue of intervening arrests, but not based on the issue of the conspiracy conviction as a triggering offense.

distribute, or dispense." USSG § 4B1.2(2). Application Note 1 to § 4B1.2 provides that the term "controlled substance offense" includes the offense of conspiring to commit such an offense.

### B. Did the Commission Exceed its Statutory Mandate?

Notwithstanding the express language of the guidelines, defendant argues that his conviction for **conspiracy** to possess cocaine cannot be used to trigger the career offender guideline, § 4B1.1. Specifically, he contends that the Sentencing Commission's inclusion of conspiracy within the definition of "controlled substance offense" exceeds the mandate of 28 U.S.C. § 994(h), the enabling statute for the career offender guideline.

The career offender guideline "implements [the] mandate" of 28 U.S.C. § 994(h), which is that "certain 'career' offenders, as defined in the statute, receive a sentence of imprisonment 'at or near the maximum term authorized.'" USSG § 4B1.1, comment. (backg'd.) (quoting 28 U.S.C. § 994(h)). Section 994(h) mentions several different controlled substance offenses, but fails to mention the crime of conspiracy.

The court must decide whether the Sentencing Commission exceeded its statutory authority by expanding the definition of a "controlled substance offense" beyond those offenses specifically listed in 28 U.S.C. § 994(h)(2)(B). This issue is one of first impression in this circuit.

#### 1. D.C. and Fifth Circuits: Commission Exceeded Mandate

Two circuits have adopted the defendant's argument that drug conspiracies do not trigger the career offender provision because such offenses are not included in § 994(h). See United States v. Bellazerius, 24 F.3d 698, 701–02 (5th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 375, 130 L.Ed.2d 326 (1994); United States v. Price, 990 F.2d 1367, 1369 (D.C.Cir.1993).[3] In Price, the D.C. Circuit emphasized that "a conspiracy to commit a crime involves quite different elements from whatever substantive crime the defendants conspire to commit...." 990 F.2d at 1369. The court also stated that "the Commission may well be free under § 994(a) to specify equally long terms for defendants not covered by § 994(h).... It is clear, however, that in enacting § 4B1 the Commission did not purport to rely on § 994(a)." Id. In Bellazerius, the Fifth Circuit followed this result finding that the Commission "disclaimed reliance on other sources of authority" by "identifying section 994(h) as its source of authority...." 24 F.3d at 702.[4] Thus, the court held, "[w]e cannot uphold a guideline on the basis of authority on which the Commission did not rely at the time or promulgation." Id. (citing Securities and Exchange Comm'n v. Chenery Corp., 318 U.S. 80, 93–94, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943)).[5]

#### 2. Majority Position: Commission Within Statutory Authority

Six circuits have embraced the opposite conclusion holding that the Commission properly used its general authority under § 994(a) to include conspiracy as a predicate or triggering offense. See United States v. Piper, 35 F.3d 611, 615–19 (1st Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 1118, 130 L.Ed.2d 1082 (1995); United States v.

---

**3.** The Eighth Circuit recently vacated an opinion which followed the D.C. Circuit's holding in Price. United States v. Mendoza–Figueroa, 28 F.3d 766, 768 (8th Cir.1993), reh'g en banc granted,(8th Cir.1994).

**4.** The Fifth Circuit found further support in the proposed amendment to the § 4B1.1 Background Commentary, which states that, in response to Price, the career offender guideline is based upon the Commission's general authority under § 994(a)-(f), not merely its authority to implement under § 994(h). Bellazerius, 24 F.3d at 702 & n. 11 (citing 58 Fed.Reg. 67522–01 (Dec. 21, 1993)). See Proposed Amendments to

Sentencing Guidelines, Policy Statements, and Commentary, 58 Fed.Reg. 67520, 67532 (1993). This proposed amendment, however, does not conclusively support the Fifth Circuit's holding because the proposal may be interpreted as a mere clarification, not a substantive change.

**5.** In Chenery Corp., the Supreme Court held that agency action "cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained." 318 U.S. at 93–94, 63 S.Ct. at 461–62.

*Kennedy,* 32 F.3d 876, 889–90 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 939, 130 L.Ed.2d 883 (1995); *United States v. Damerville,* 27 F.3d 254, 256–57 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 445, 130 L.Ed.2d 355 (1994); *United States v. Hightower,* 25 F.3d 182, 186–87 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 370, 130 L.Ed.2d 322 (1994); *United States v. Allen,* 24 F.3d 1180, 1185–87 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 493, 130 L.Ed.2d 404 (1994); *United States v. Heim,* 15 F.3d 830, 831–32 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994). These circuits hold that "the guidelines 'implemented,' but did not rely upon § 994(h) as the sole legal authority for promulgating the career offender guidelines." *See, e.g., Damerville,* 27 F.3d at 257. "Section 994(h) provides the minimum obligation of the Commission and does not prohibit the inclusion of additional offenses that qualify for such treatment." *Id.*

These courts have also given weight to the legislative history of § 994(h), which declares the intent of § 994(h) as the imposition of " 'substantial prison terms . . . on repeat violent offenders and repeat drug traffickers.' " *Hightower,* 25 F.3d at 185 (quoting S.Rep. No. 225, 98th Cong., 2d Sess. 175 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3358). The legislative history further explains that § 994(h) is " 'not necessarily intended to be an exhaustive list of types of cases in which the guidelines should specify a substantial term of imprisonment, nor of types of cases in which terms at or close to authorized maxima should be specified.' " *Piper,* 35 F.3d at 618 (quoting S.Rep. No. 98–225, 98th Cong., 1st Sess. 176 (1983), reprinted in 1984 U.S.C.C.A.N 3182, 3359). The First Circuit recently expressed that the legislative history

> shows rather clearly that Congress wanted to guide the Commission in a general direction, not merely to instruct it to make a one-time mechanical adjustment. . . . [T]he overall context suggests that Congress's "mandate" directed the Commission to accord career offender treatment to whatever drug-related crimes the Commission believed to be on a par with the offenses enumerated in section 994(h).

And we think that the Commission used the word "mandate" to refer to this broader policy.

*Id.* at n. 5.

Finally, the Fourth Circuit has noted that the courts must "defer to [the Commission's] interpretation as long as it is 'sufficiently reasonable' in light of the congressional directive." *Kennedy,* 32 F.3d at 889 (citation and internal quotation marks omitted). The court in *Kennedy* concluded that "simple logic" supported the Commission's inclusion of conspiracy to commit a narcotics offense in the career offender guidelines. 32 F.3d at 889–90. For example, "[c]onspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 is a drug trafficking offense that carries the same penalty as a violation of 21 U.S.C. § 841, which is one of the offenses enumerated in § 994(h)." *Id.* at 890.

■ We find the majority position to be more persuasive. Based on principles of statutory interpretation, deference, and logic, as well as the legislative history of 28 U.S.C. § 994(h), we hold that the Sentencing Commission did not exceed its statutory authority by including conspiracy within the definition of a "controlled substance offense" under the career offender guidelines. Accordingly, the district court did not err in determining that a conspiracy to possess cocaine with intent to distribute may be used to classify defendant as a career offender.

Additionally, even if we found the district court's determination to be error, the circuit split precludes a finding of plain error. "At a minimum, the Court of Appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." *United States v. Olano,* —— U.S. ——, ——, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). Because we find no error, there is no reason to address the remaining factors under plain error review.

### III.

■ Next, Williams argues that the government failed to provide him with an opportunity to give substantial assistance, and, hence, the district court erred in denying his

motion for a downward departure pursuant to USSG § 5K1.1. In *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive" such as race or religion. *Id.* at 185–86, 112 S.Ct. at 1843–44.

The Sixth Circuit recently confronted this issue in *Sullivan v. United States,* 11 F.3d 573 (6th Cir.1993). In that case, the petitioner argued that the government, pursuant to an oral agreement, should have moved for a downward departure based on his "substantial assistance." *Id.* at 575. He alleged that he provided substantial assistance by furnishing names of fifteen to twenty people involved in drug distribution, submitting to debriefing by the government, and remaining willing to testify in other cases. *Id.* The government refused to depart, arguing that an attempt to cooperate does not constitute substantial assistance. The court found no allegation of unconstitutional motives, and no requirement on the record that the government was obliged to make a departure request under any circumstance. Consequently, the court held that the government's reasons for refusing to depart were rational and acceptable. *Id. Accord United States v. Johnson,* 46 F.3d 19, 21 (6th Cir.1995); *United States v. Bagnoli,* 7 F.3d 90 (6th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 95, 130 L.Ed.2d 45 (1994).

At the sentencing hearing, defendant Williams testified that he had requested funds to buy drugs, but that Sergeant Williams told him, "we do not give funds to go make buys, just go find out who was throwing drugs in that house, let me know, and we will go get them." Defendant further testified that he had provided names of drug dealers, and had shown Williams a location where drugs were stored.

At no point, however, did defendant allege that Sergeant Williams, or any other agent of the government, was motivated by unconstitutional considerations. Defendant also made no attempt to show that the oral plea agreement obligated the government to move for a downward departure under any circumstance. The government stated that its refusal was based on the defendant's failure to provide substantial assistance. The defendant has failed to show that the government's "refusal to move was not rationally related to any legitimate Government end." *Wade v. United States,* 504 U.S. at 186, 112 S.Ct. at 1844 (citation omitted); *Sullivan,* 11 F.3d at 575. Accordingly, the district court properly denied defendant's request for a downward departure.

**AFFIRMED.**