62 F.3d 1418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth TAYLOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5150.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1995.
 
 1
 Before: JONES and BOGGS, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Kenneth Taylor appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Taylor pleaded guilty to one count of conspiring to possess marijuana for intended distribution, in violation of 21 U.S.C. Sec. 846. He was sentenced to 55 months of imprisonment and 4 years of supervised release, as a result of this conviction. This court affirmed Taylor's conviction and sentence on direct appeal.
 
 
 4
 Taylor raised three grounds for relief in his present motion: 1) the sentence that he received exceeded the term that was anticipated by his plea agreement; 2) his counsel was ineffective; and 3) he did not receive sentence credit for the time that he spent on bond. The district court denied Taylor's motion on October 31, 1994, and it is from this judgment that he now appeals.
 
 
 5
 The denial of Taylor's Sec. 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). Relief is appropriate on Taylor's first two claims only if they rise to the level of constitutional violations which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); Vines v. United States, 28 F.3d 1123, 1130 (11th Cir.1994). We construe Taylor's third claim under 28 U.S.C. Sec. 2241, as it involves the execution of his sentence. See Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). A de novo review of the record shows that Taylor's motion was properly denied under these standards.
 
 
 6
 Taylor first alleged that his due process rights were violated because the sentence he received exceeded that which was anticipated by his plea agreement. In particular, he argues that the plea agreement did not indicate that his offense level would be increased by four points under USSG Sec. 3B1.1, based on his role as a leader in the conspiracy. The district court properly found that this issue had been decided adversely to Taylor on direct appeal. At that time, this court held as follows:
 
 
 7
 Taylor contends that the district court improperly considered self-incriminating information protected by U.S.S.G. Sec. 1B1.8 to enhance his offense level computation. Specifically, he argues that the district court failed to honor the plea agreement of March 21, 1991. We disagree....
 
 
 8
 The district court stated that it based its finding on Taylor's statement on February 8, 1991 and the statement of co-defendant Bermudez on February 26, 1991. Indeed, Taylor's statement was made before he entered into the plea agreement to cooperate and provide assistance to the government. Hence, we find that the plea agreement's restrictions did not apply to information obtained prior to March 21, 1991, the day Taylor and the government entered into the plea agreement.
 
 
 9
 This reasoning is controlling because Taylor's current claim is not based on newly discovered evidence or an intervening change in the law. See English v. United States, 998 F.2d 609, 612-13 (8th Cir.), cert. denied, 114 S.Ct. 573 (1993).
 
 
 10
 While Taylor contends that his attorney did not argue effectively on direct appeal, the fact remains that his current claim does not provide a significantly different basis for relief. See generally Lonberger v. Marshall, 808 F.2d 1169, 1173-74 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Taylor's presentence investigation report indicated that his offense level should be increased by four points because he was a leader and organizer of the conspiracy. Counsel argued that the proposed increase was based on information that was protected under USSG Sec. 1B1.8. The district court rejected this argument at sentencing and specifically found that Taylor had a leadership role in the conspiracy. As noted above, this court affirmed Taylor's sentence after finding that it was based onl y on information that he had provided to the government before entering into the plea agreement. Taylor's arguments in this appeal show that his present claim is also based on the application of USSG Sec. 1B1.8.
 
 
 11
 Taylor now asserts that his understanding of the plea agreement was that his sentencing range would be 33 to 41 months. This argument is refuted by the plain language of the agreement, which indicates that the parties "have calculated the Defendant's guideline range to be from fifty-one (51) to sixty-three (63) months." See United States v. Williams, 899 F.2d 1526, 1531 (6th Cir.1990). The sentence that Taylor received falls squarely within that range.
 
 
 12
 To establish ineffective assistance of counsel, Taylor must show that his attorney's performance was deficient and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Taylor alleged that his attorney did not protect his rights during the plea negotiation process and at sentencing. However, the sentencing range negotiated by counsel was based on conduct that Taylor had already admitted when he was first arrested. In addition, Taylor received a two-level reduction for acceptance of responsibility and a four-level reduction for the assistance that he provided to the authorities in investigating his co-conspirators. Counsel objected to the four-level increase that was imposed under Sec. 3B1.1(a), and raised this issue on direct appeal. Under these circumstances, it cannot be said that counsel's performance was deficient. See Sullivan v. United States, 11 F.3d 573, 576 (6th Cir.1993). Hence, the district court properly found that Taylor had not been denied the effective assistance of counsel without determining whether he had been prejudiced by the alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 13
 In his Sec. 2255 motion, Taylor also alleged that counsel failed to provide the trial court with information that would have justified a downward departure under USSG Sec. 5K2.0. He has, however, abandoned this claim by failing to raise it in his initial brief on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). We note, nonetheless, that counsel argued for a downward departure at sentencing, and Taylor has not identified any additional information which would have escaped consideration in formulating his sentence under the sentencing guidelines. See United States v. Brewer, 899 F.2d 503, 507-09 (6th Cir.), cert. denied, 498 U.S. 844 (1990).
 
 
 14
 Finally, Taylor alleged that he did not receive sentencing credit for the time that he spent on bond. He also alleged that the failure to award this credit violated his right to equal protection; however, he has abandoned this secondary claim on appeal. See McMurphy, 802 F.2d at 198-99. We construe Taylor's primary claim under 28 U.S.C. Sec. 2241, because it involves the execution, rather than the imposition, of his sentence. See Wright, 557 F.2d at 76-77. Such a claim may only be filed in the district court that has jurisdiction over the petitioner's custodian. Id. Thus, Taylor's third claim is not cognizable in the Federal District Court for the Middle District of Tennessee where his Sec. 2255 motion was filed, as he is incarcerated in Florida. Moreover, the district court properly found that Taylor had not exhausted his administrative remedies before seeking judicial review of this claim. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). Taylor now argues that administrative exhaustion would be futile, citing a policy statement from the Bureau of Prisons. However, the Bureau of Prisons should be given the opportunity to consider the application of its policy to Taylor's claim before the matter is litigated in the federal courts. See Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991).
 
 
 15
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation