67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shelly McCASTER, Defendant-Appellant.
 No. 94-5996.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1995.
 
 Before: RYAN, BATCHELDER, and MOORE, Circuit Judges.
 MOORE, Circuit Judge.
 
 
 1
 Shelly McCaster appeals his sentence and conviction under 21 U.S.C. Sec. 846 for conspiracy to possess with intent to distribute cocaine. This court affirms the judgment of the district court.
 
 
 2
 McCaster met with a confidential informant ("CI") to purchase one kilogram of cocaine but did not complete the transaction. Two days later, McCaster and a co-conspirator, Jerry Moody, met with the CI for the same purpose. Moody exchanged money for cocaine from the CI while McCaster watched from Moody's driveway down the street.
 
 
 3
 On appeal, McCaster first argues that the district court erred by allowing the government to introduce what he claims to be irrelevant evidence relating to the aborted drug transaction two days before the date charged in the indictment. Evidentiary rulings of the district court on matters of relevancy are reviewed for abuse of discretion. Geisler v. Folsom, 735 F.2d 991, 997 (6th Cir.1984). Evidence of the aborted deal was admissible as part of the crime charged, since it took place only two days earlier and involved the same quantity of drugs, the same purchase price, some of the same people, and similar circumstances. See United States v. Towne, 870 F.2d 880, 886 (2d Cir.), cert. denied, 490 U.S. 1101 (1989) (Evidence of uncharged criminal activity is not "other crimes" evidence under Rule 404(b) if it "arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial.") (citation omitted). Furthermore, the district court instructed the jury that the government need not prove the exact date of the alleged offense, and the indictment alleged acts "[o]n or about April 23". Even under Fed.R.Evid. 404(b), evidence of the aborted transaction on April 21 would be admissible to show McCaster's knowledge and motive. See United States v. Gessa, 971 F.2d 1257, 1261-62 (6th Cir.1992) (en banc) (admitting testimony about the defendant's other drug transactions under Rule 404(b) "because the prior excursions were probative of defendant's ability and opportunity to participate"). Thus, the district court did not abuse its discretion by admitting evidence about the aborted transaction.
 
 
 4
 Second, McCaster argues that the district court erred by denying his motion for judgment of acquittal based on the insufficiency of the evidence. On review, this court must decide, after "viewing the evidence in the light most favorable to the prosecution," whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). To prove conspiracy to possess with intent to distribute cocaine under Sec. 846, the government must show that "a conspiracy existed, that the accused knew of the conspiracy, and that he knowingly and voluntarily joined it." United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991) (quoting United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986)).
 
 
 5
 McCaster argues that the only evidence remotely supporting the existence of a conspiracy is the fact that Moody appeared to carry the cocaine toward him. But McCaster's involvement was not so limited. The conspiracy began when the CI called McCaster to arrange a meeting on April 21 to sell him cocaine. Several further contacts show that McCaster attempted to complete the transaction that day. On April 23, the CI and McCaster met again for the same purpose. McCaster attempted to convince the CI to move to a different location, watched the transaction from Moody's driveway, and fled when officers arrested Moody. Since Sec. 846 does not require proof of any overt act in furtherance of the conspiracy, Christian, 786 F.2d at 211, McCaster's acquittal on the underlying substantive offense is not inconsistent with his conviction for conspiracy to commit the same crime. Furthermore, intent to distribute may be inferred from the quantity of drugs McCaster agreed to purchase. United States v. Phibbs, 999 F.2d 1053, 1065-66 (6th Cir.1993) (one kilogram of cocaine), cert. denied, 114 S.Ct. 1071 (1994). Accordingly, the evidence supports the verdict, and the district court did not err by denying McCaster's motion for judgment of acquittal.
 
 
 6
 Third, McCaster contends that the district court should have granted his motion for a new trial based on newly discovered evidence under Fed.R.Crim.P. 33. To obtain a new trial based on newly discovered evidence, a defendant must show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried. United States v. Odell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987). Furthermore, a trial court's determination that a new trial is not warranted will not be reversed absent "clear abuse of discretion." Id. (citations omitted). Based on the testimony at a hearing on the motion for a new trial, the district court found that the evidence could have been discovered earlier and would not likely produce acquittal if the case were retried, especially since some of the testimony tended to corroborate, rather than contradict, the government's proof. These findings were not an abuse of discretion based on evidence in the record.
 
 
 7
 Fourth, McCaster claims that the district court should have allowed him to introduce evidence of an earlier arrest. According to McCaster's theory of defense, since he believed that police officers were angry and upset with him because his prior case was dismissed, he lacked motive to become involved in the instant offense. The district court did not allow McCaster to offer this theory through the police officer involved in the instant offense, whose proffer did not support the theory, or through McCaster's former attorney. The district court ruled that McCaster could testify about his state of mind, but he chose not to do so. Finally, the district court found that the defense theory would be detrimental to McCaster because it would highlight a prior arrest and open the door for the government to elicit additional damaging proof. Although the defendant alone has the right to determine whether to introduce evidence that may prejudice him, this court finds that any error the district court may have committed by excluding this evidence would be harmless due to the nature of the defense theory and the other evidence. See Fed.R.Crim.P. 52(a).
 
 
 8
 Fifth, McCaster argues that the district court erred by using one kilogram as the amount of cocaine to determine his sentence because Moody provided all of the money and only enough to purchase half a kilogram of cocaine. Unless clearly erroneous, this court must accept a district court's factual findings regarding the amount of drugs for which a defendant is to be held accountable. United States v. Baro, 15 F.3d 563, 568-69 (6th Cir.), cert. denied, 115 S.Ct. 285 (1994). Furthermore, the government need only establish facts relevant to a sentencing decision by a preponderance of the evidence. Id. at 569. McCaster negotiated with the CI to purchase one kilogram of cocaine for $28,000, and Moody received the full kilogram of cocaine. The fact that McCaster and/or Moody short-changed the CI by giving him only $14,000 need not reduce the quantity considered for sentencing purposes. Neither does the fact that Moody provided all of the money necessarily affect the calculation of drug quantity. See United States v. Barrett, 933 F.2d 355, 359 (6th Cir.1991) (the "government need not show that a defendant participated in all aspects of the conspiracy"). Therefore, we find that the district court's decision to sentence McCaster based on one kilogram of cocaine is not clearly erroneous.
 
 
 9
 Sixth, McCaster had initially claimed on appeal that the court erred by allowing his conspiracy conviction to serve as a predicate offense for the enhanced status of career offender under U.S.S.G. Sec. 4B1.1 and 28 U.S.C. Sec. 994(h). However, McCaster's attorney conceded at oral argument that this assignment of error has been foreclosed by United States v. Williams, 53 F.3d 769 (6th Cir.1995), which held that a conviction for conspiracy to possess cocaine with intent to distribute under Sec. 846 could be used to classify the defendant as a career offender. Id. at 772.
 
 
 10
 Finding each of McCaster's assignments of error without merit, this court AFFIRMS McCaster's conviction and sentence.