68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny COSTELLO, Defendant-Appellant.
 Nos. 95-5352, 95-5353.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1995.
 
 Before: KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant appeals his career offender sentence imposed after the District Court found he had been convicted of three or more controlled substance offenses or crimes of violence.
 
 I.
 
 2
 The defendant was originally sentenced in 1991. The District Court held that although his conviction for attempt to commit a felony was a controlled substance offense, it and a 1979 conviction for armed robbery could not be considered because the state plea proceedings were constitutionally defective. On appeal by the government this court held, in accordance with the directive of Custis v. United States, 114 S.Ct. 1732 (1994), that for federal sentencing purposes prior state convictions could not be collaterally attacked unless obtained without the assistance of counsel. Since there had been no appeal of the holding that the conviction for attempt to commit a felony was a controlled substance offense, the case was remanded to the District Court "with instructions to sentence Danny Costello as a career offender under Section 4B1.1 of the United States Sentencing Guidelines."
 
 
 3
 On remand, the District Court refused defendant's challenge that attempt to commit a felony was not a controlled substance offence, stating that it was bound by this court's mandate on remand to sentence defendant as a career offender. Defendant now appeals that ruling, urging that the mandate only excluded collateral attacks upon Mr. Costello's prior convictions and that the issue he now raises has not previously been addressed on appeal and had been raised with the District Court. Alternatively, he argues that an issue may be revisited to correct a "previous mistake."
 
 II.
 
 4
 We need not decide whether the earlier mandate was entered as a ruling on the merits of whether defendant's attempt to commit a felony conviction was a drug offense. The felony defendant attempted to commit was the sale of a controlled substance. Tennessee's attempt to commit a felony statute requires as an element that there be an underlying specific crime--a specific felony that was attempted. Since the Tennessee statute encompasses several crimes, we may examine the indictment, the jury instructions or the guilty plea. Taylor v. United States, 495 U.S. 575, 602 (1990). Here, the indictment and plea disclose that the underlying specific crime was "sell controlled substance." Thus, the District Court properly considered this conviction when sentencing defendant.
 
 
 5
 Finally, defendant argues that attempts may not be included in enhancements for career offender status authorized by 28 U.S.C. Sec. 944(h) and that United States Sentencing Guideline Sections 4B1.1 and 4B1.2, which include attempts and conspiracies to commit drug offenses in career offender calculations, exceed the Sentencing Commission's authority. We have rejected this argument with respect to conspiracies in United States v. Williams, 53 F.3d 769 (6th Cir.1995). The reasoning of that case is equally applicable to attempts.
 
 III.
 
 6
 Accordingly, the judgment of the District Court is AFFIRMED.