89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joe HOBSON, Defendant-Appellant.
 No. 95-5587.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1996.
 
 Before: MERRITT, Chief Judge: ENGEL and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Joe Hobson appeals the federal sentence that he received after pleading guilty to three counts of possessing Dilaudid for intended distribution and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The presentence investigation report indicated that Hobson had previously been convicted of attempting to possess cocaine for intended distribution in 1989, of possessing Dilaudid for intended sale in 1990, and of conspiring to possess Dilaudid for intended distribution in 1990. On April 7, 1995, the district court found that Hobson was a career offender and sentenced him to an aggregate term of 160 months of imprisonment and three years of supervised release. It is from this judgment that he now appeals.
 
 
 3
 Hobson argues that he was improperly determined to be a career offender under USSG § 4B1.1. We review the district court's legal conclusions regarding this issue de novo on appeal. See United States v. Rutana, 18 F.3d 363, 365 (6th Cir.1994).
 
 
 4
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 5
 USSG § 4B1.1 (1994). Hobson argues that the trial court erred when it found that his prior convictions for attempt and conspiracy were controlled substance offenses within the meaning of the third clause of § 4B1.1, as these crimes were not specifically enumerated in the enabling statute for that guideline.
 
 
 6
 A similar argument was expressly rejected by our court in United States v. Williams, 53 F.3d 769, 770-72 (6th Cir.1995), cert. denied, 64 U.S.L.W. 3558 (U.S. Feb. 20, 1996) (No. 95-6104). In Williams, our court joined the majority of other circuits in holding that prior convictions for drug-related conspiracies can be used to determine career offender status under § 4B1.1. Id. at 772. This holding is clearly controlling in the instant case insofar as Hobson objects to the use of his prior conviction for conspiracy to possess Dilaudid as one of the two underlying offenses that are required for sentencing as a career offender. See United States v. Sonagere, 30 F.3d 51, 54 (6th Cir.), cert. denied, 115 S.Ct. 531 (1994).
 
 
 7
 Hobson has not argued that his prior conviction for attempt is distinguishable from the holding in Williams. Moreover, we need not reach that issue here, as Hobson was also convicted of possessing Dilaudid for intended sale in 1990. This undisputed conviction, in conjunction with Hobson's prior conviction for conspiracy, provides a sufficient basis for the district court's determination that he was a career offender under USSG § 4B1.1.
 
 
 8
 Accordingly, the district court's judgment is affirmed.