105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan SEPULVEDA, Agustin Gomez, Gilbert Sepulveda,
Defendants-Appellants.
 No. 95-6162, 95-6165 and 96-6163.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1996.
 
 Before: GUY, SUHRHEINRICH and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants appeal their sentences following entry of guilty pleas to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. We AFFIRM.
 
 I.
 
 2
 Defendants Juan Sepulveda, Gilbert Sepulveda and Agustin Gomez (collectively "defendants") pleaded guilty to one count of a multi-count indictment three hours into the first day of trial. The government explained the terms of parties' oral plea agreement to the court:
 
 
 3
 [T]here has been an oral agreement made between us just recently that suggests that in the event they cooperate and provide in the opinion of the United States substantial assistance in the prosecution of another person that we would, in fact, make a recommendation for a downward course from the applicable guidelines if that actually occurs, and in the opinion of the United States.
 
 
 4
 [T]he government will also at the time of sentencing dismiss those remaining counts as to these defendants....
 
 
 5
 (J.A. 264-65.) When asked by the district court if the government's recitation of the agreement's terms was correct, each responded in the affirmative. (Id. at 266.) Defendants further indicated that no promises other than those made by the government as stated orally on the record had been made to them. (Id. at 269.)
 
 
 6
 The probation officer counseled against a downward adjustment for acceptance of responsibility for any of the defendants based upon the timeliness of their pleas and their failure to provide complete disclosure concerning their involvement in the offense. Defendants objected. The government opposed the reduction at the sentencing hearing. The district court found that defendants had not accepted responsibility and refused to give any of the defendants a two-level downward adjustment. The court determined Juan Sepulveda's guidelines range to be 78 to 97 months and sentenced him to 97 months imprisonment. Gilbert Sepulveda's guidelines range was calculated at 97 to 121 months and he was sentenced to 97 months imprisonment. The court found Agustin Gomez's guidelines range to be 97 to 121 months and he was also sentenced to 97 months imprisonment. This appeal follows.
 
 II.
 
 7
 Defendants argue that the government breached the plea agreement by urging the court not to award defendants a two level decrease for acceptance of responsibility. Defendants maintain that the government had a duty to agree to the two point reduction even if the prosecutor elected not to call them as witnesses, since they met their half of the bargain by going to the prosecutor's office and waiting to be interviewed (Juan Sepulveda was in fact interviewed), and by standing by to testify against the remaining codefendant, Dean Jenkins. Defendants claim further that they were discriminated against by both the court and the government because they are of Mexican descent. They therefore seek specific performance of the plea agreement.
 
 
 8
 Defendants' argument must be rejected for several reasons. First, although defendants confuse a reduction for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (1995) with a departure for substantial cooperation pursuant to § 5K1.1, there is no suggestion of any agreement regarding acceptance of responsibility in the guilty plea transcript. At most, the government agreed (1) to move for a downward departure if, in the government's view, defendants had provided substantial assistance in the prosecution of another, and (2) at the time of sentencing to dismiss the remaining counts of the indictment as to defendants.
 
 
 9
 Defendants represented to the court that no additional promises had been made to them. In addition, defendants were informed and acknowledged that they understood the maximum sentence they could receive, that no one from the government promised or indicated that they would receive a lighter sentenced if they pleaded guilty, that the actual sentence would not be determined until the presentence report were prepared, and that the court would determine the appropriate sentence under the sentencing guidelines based upon the entire scope of criminal conduct, criminal history, and other factorA. 273-76.) Having been fully apprised by the district court, and having made certain representations of their own, defendants are bound by those statements. Baker v. United States, 781 F.2d 85, 89 (6th Cir.1986) (holding that "where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry' ").
 
 
 10
 The government did in fact dismiss the remaining counts of the indictment as to defendants, as agreed. The government did not move for a departure under § 5K1.1, however. The district court cannot grant such a request absent a motion by the government. See USSG § 5K1.1; 18 U.S.C. § 3553(e); Fed.R.Crim.P. 35(b). The government's refusal to file a substantial assistance motion is not reviewable unless defendants make "a substantial threshold showing" that the refusal was based on unconstitutional motives. United States v. Wade, 504 U.S. 181, 185-186 (1992); United States v. Williams, 53 F.3d 769, 773 (6th Cir.1995), cert. denied, 116 S.Ct. 928 (1996). Cooperation, without more, does not meet this threshold. Wade, 504 U.S. at 186; United States v. Bagnoli, 7 F.3d 90, 92 (6th Cir.1993).
 
 
 11
 Defendants claim that they were discriminated against because of their Mexican heritage and their need for interpreters, as evidenced by the prosecutor's reference to defendants as the "three Hispanics" and the district court's query about the "three parties of Mexican descent." We do not find these references to defendants' heritage, made for descriptive purposes to distinguish defendants from another codefendant who was also pleading guilty, are a manifestation of an underlying motive to discriminate. Without more, defendants' claim is therefore not subject to review by this court.
 
 
 12
 In any event, the district court's denial of a reduction for acceptance of responsibility is not clearly erroneous. United States v. Jackson, 25 F.3d 327, 331 (6th Cir.1994). First of all, a defendant "who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." USSG § 3E1.1 comment. (n. 3) (Nov. 1995). Defendants never communicated details of their acceptance of responsibility to the probation officer, and two of the defendants declined to testify at the sentencing hearing. Gomez did testify, stating that his involvement in the conspiracy was limited to loading one or two trucks with marijuana. The court, however, found that Gomez's testimony conflicted with trial testimony which suggested that Gomez was transporting at least one-third of the marijuana that arrived in Tennessee to other people in Chicago. In short, we do not find clear error.
 
 
 13
 AFFIRMED.