107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick Edward CUNNINGHAM, Defendant-Appellant.
 No. 96-5310.
 United States Court of Appeals, Sixth Circuit.
 Feb. 07, 1997.
 
 Before: MARTIN, Chief Judge; NORRIS and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Derrick Edward Cunningham appeals a district court judgment of conviction and sentence following Cunningham's guilty plea to possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Cunningham to 121 months of imprisonment and five years of supervised release and imposed a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Cunningham's counsel has filed a motion to withdraw her representation and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she argues that the district court should have departed downward in sentencing Cunningham, even though the government did not file a motion for departure pursuant to USSG § 5K1.1. Cunningham has not responded to his counsel's motion to withdraw.
 
 
 3
 Upon review, we conclude that Cunningham's argument is without merit. To the extent that Cunningham argues that the district court should have departed downward from his guideline range in sentencing him, he raises a non-appealable challenge to the district court's sentence. United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993) (decision denying a motion to depart downward is not appealable). To the extent that Cunningham argues that the court should have departed downward because he rendered substantial assistance to the government, the district court could not depart downward on this basis without a government motion for such a departure. See USSG § 5K1.1; United States v. Edge, 989 F.2d 871, 875 n. 7 (6th Cir.1993) (per curiam).
 
 
 4
 To the extent that Cunningham argues that the government should have filed a § 5K1.1 motion, his claim is without merit. A district court can review the government's failure to move for a downward departure only to determine if the refusal was based on a non-constitutional motive. United States v. Bagnoli, 7 F.3d 90, 91-92 (6th Cir.1993), cert. denied, 115 S.Ct. 95 (1994). A review of the record reveals that the government declined to move for a departure because it concluded that Cunningham's assistance was not substantial. Consequently, it properly declined to move for a departure. See Sullivan v. United States, 11 F.3d 573, 575 (6th Cir.1993).
 
 
 5
 Lastly, we have examined the record in this case and conclude that no reversible error is apparent from the record.
 
 
 6
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.