108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas W. LAWLESS, Defendant-Appellant.
 No. 96-5581.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1997.
 
 E.D. Tenn., No. 95-00079; Robert Leon Jordan, Judge.
 E.D.Tenn.
 AFFIRMED.
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, Thomas Lawless was named in a four count indictment in connection with alleged illicit drug acquisition and distribution. Lawless subsequently agreed to plead guilty to one count in exchange for, in part, the dismissal of the remaining three counts. The district court accepted the plea and found Lawless guilty of conspiring to possess with the intent to distribute marijuana, cocaine and methamphetamine, in violation of 21 U.S.C. § 846. The court sentenced Lawless to a 105 month term of imprisonment and a five year period of supervised release. This appeal followed and the parties have briefed the issues through counsel.
 
 
 3
 In 1995, Lawless sent a package from Arizona to a confederate in Knoxville, Tennessee. Authorities became suspicious of the contents, received permission to inspect the contents, and discovered approximately six pounds of marijuana. Law enforcement agents subsequently conducted a controlled delivery and searched the addressee's dwelling. The agents found Lawless inside with a quantity of methamphetamine and cocaine hydrochloride in his jacket. Lawless was named in a two count information based on these facts. Lawless thereafter agreed to enter a plea to one count of the information but failed to appear at the change of plea hearing. He was then named in a four count indictment and eventually found in Myrtle Beach, South Carolina.
 
 
 4
 Lawless again agreed to enter a guilty plea based on the earlier agreement with modifications. The parties stipulated to the facts noted above and recognized that Lawless would be exposed to a term of imprisonment from ten years to life. Counsel for the government also agreed to file a motion for a sentence reduction below the statutory minimum pursuant to USSG § 5K1.1 in recognition of Lawless's cooperation.
 
 
 5
 The matter proceeded to sentencing. The guideline range, as presented without objection in the presentence report, was 168-210 months. The court then heard testimony bearing on the amount of cooperation provided by Lawless and the statements of the participants and concluded that Lawless should receive a 105 month term of imprisonment and a five year period of supervised release. At no time did counsel for Lawless object to any substantive or procedural aspect of the sentencing.
 
 
 6
 Counsel for Lawless sets forth four assignments of error on appeal.
 
 
 7
 1) Did the district court commit plain error in the extent to which it downwardly departed the sentence for defendant's substantial assistance to the government?
 
 
 8
 2) Did the district court commit plain error by failing to consider probation as a sentencing option for the defendant?
 
 
 9
 3) Did the district court commit plain error by wrongfully considering the presentence investigative report, which did not comply with the local rules governing the preparation of such reports?
 
 
 10
 4) Should the court reverse the conviction of the defendant since the combined effect of all errors was so prejudicial as to strike at the fundamental fairness of the sentencing?
 
 
 11
 Counsel for Lawless concedes that he did not object to any of the claimed "errors" asserted on appeal. A party's failure to object to an adverse sentencing decision generally results in the forfeiture of that party's ability to challenge the decision on appeal. United States v. Olano, 507 U.S. 725, 731 (1993); United States v. Barajas-Nunez, 91 F.3d 826, 829-30 (6th Cir.1996). A forfeited error may, however, be reviewed on direct appeal for plain error. United States v. Williams, 53 F.3d 769, 770 (6th Cir.1995), cert. denied, 116 S.Ct. 928 (1996); Fed.R.Crim.P. 52(b). Plain error in this context is error that is clear or obvious and affects substantial rights. Barajas-Nunez, 91 F.3d at 830. An appellate court should exercise discretion to correct a plain error only if the error has a serious effect upon the fairness or integrity of the judicial proceeding. Olano, 507 U.S. at 736.
 
 
 12
 No aspect of the case at bar can be characterized as obvious, substantive error impinging on the integrity of the judicial proceeding. The errors claimed are either speculative or not errors at all. The appeal lacks merit.
 
 
 13
 Accordingly, the district court's judgment is affirmed.