**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Del Cardo PETTYGRUE, Defendant–**
**Appellant.**

**No. 99–2238.**

United States Court of Appeals,
Sixth Circuit.

May 23, 2001.

Before MARTIN, Chief Judge;
MOORE, Circuit Judge; and O'MALLEY,
District Judge.*

O'MALLEY, District Judge.

Defendant Del Cardo Pettygrue pleaded guilty in United States District Court to engaging in a drug conspiracy, in violation of 21 U.S.C. §§ 841 & 846. At sentencing, the government declined to move for a downward departure pursuant to U.S.S.G. § 5K1.1. On July 12, 1999, the district court sentenced Pettygrue to 14 years of imprisonment.

Nine days later, Pettygrue moved to withdraw his guilty plea, pursuant to Fed. R.Crim. Pro. 32. The district court denied Pettygrue's motion for lack of jurisdiction, and Pettygrue timely appeals. Because

we conclude the district court's jurisdictional assessment was correct, we AFFIRM.

## I.

On July 24, 1998, a grand jury returned an indictment charging Pettygrue with: (1) conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(iii) & 846; and (2) racketeering conspiracy, based on his drug-related activities, in violation of 18 U.S.C. § 1962(d). On October 30, 1998, Pettygrue entered into an agreement with the government to plead guilty to the first charge and to provide information regarding his knowledge of drug trafficking. In return, the government agreed to request a downward departure from the applicable sentencing range, pursuant to U.S.S.G. § 5K1.1, if Pettygrue provided "substantial assistance in the investigation or prosecution of another person who has committed an offense." This downward departure would make Pettygrue eligible to receive a sentence of 96 months incarceration.

At the July 12, 1999, sentencing hearing, the government declined to move for a downward departure under § 5K1.1. Pettygrue made known his unhappiness with this decision, asserting the government had refused to interview him, thereby preventing him from providing assistance. The district court responded to Pettygrue's assertion by noting that a defendant may not normally challenge the government's failure to move for a downward departure based on cooperation.[1]

* The Honorable Kathleen O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

1. See United States v. Williams, 53 F.3d 769, 772–73 (6th Cir.1995), cert. denied, 516 U.S. 1120, 116 S.Ct. 928, 133 L.Ed.2d 856 (1996) ("[defendant] argues that the government failed to provide him with an opportunity to give substantial assistance, and, hence, the district court erred in denying his motion for a downward departure pursuant to U.S.S.G. § 5K1.1. In Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court held that 'federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion

Nonetheless, the district court quizzed the government, which responded with strong objections to Pettygrue's assertion. The district court heard argument from both parties in open court (on the record) regarding the facts surrounding the government's efforts to interview Pettygrue and Pettygrue's responses to those efforts. The district court then recessed and met with the parties in chambers (off the record) for further discussion. When the district court resumed the sentencing hearing on the record, Pettygrue's counsel stated he had "concluded everything that [he had] to say." Notably, Pettygrue did not seek to withdraw his guilty plea. The parties went on to discuss the applicable criminal history and offense category, with the understanding that the government's decision not to move for downward departure would stand. The government recommended that the court sentence Pettygrue to 168 months imprisonment, the shortest period available under the applicable sentencing guideline range. The district court sentenced Pettygrue to 168 months incarceration.

On July 21, 1999, Pettygrue moved to withdraw his guilty plea, based on the government's failure at sentencing to move for a downward departure for substantial assistance. The district court denied this motion, finding it did not have jurisdiction.[2] Pettygrue then filed this timely appeal.

## II.

Despite his misgivings, Pettygrue decided not to move to withdraw his guilty plea before the district court pronounced sentence. The law is clear, however, that a Rule 32 motion to withdraw a guilty plea

must be made *before* sentence is imposed. *See* Rule 32(e) ("If a motion to withdraw a plea of guilty or nolo contendere is made *before* sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255") (emphasis added); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.1993), *cert. denied*, 508 U.S. 943, 113 S.Ct. 2424, 124 L.Ed.2d 645 (1993) ("[e]ven though Todaro made his first request to withdraw his plea on the day of sentencing, the request was made after sentence was imposed, and thus Rule 32(d) [now Rule 32(e) ] does not provide a vehicle for a challenge to the plea"). A district court does not have jurisdiction to hear a defendant's Rule 32(e) motion to withdraw a guilty plea when brought after sentence has been imposed. *Todaro*, 982 F.2d at 1028. Accordingly, Pettygrue's motion comes too late, and the district court was correct in concluding it did not have jurisdiction to consider it.

In disregard of this clear rule of law, Pettygrue insists this Court should reach his claims. Pettygrue contends that: (1) we should construe his objections at sentencing as tantamount to having made a timely motion to withdraw his guilty plea; and (2) despite the limited nature of Pettygrue's notice of appeal, it is clear from the record that he objects to and wishes to pursue review of the government's alleged failure to abide by the plea agreement.

As to the first contention, the record simply does not support Pettygrue's position. The record reflects that the parties and the district court engaged in substan-

---

and to grant a remedy [only] if they find that the refusal was based on an unconstitutional motive' such as race or religion. *Id.* at 185–86.").

2. The district court added that "if I had to do this case over again, I would do it differently, and I would have insisted [that defense counsel] withdraw from this case." Tr. at 11 (Sept. 30, 1999).

tial debate over the § 5K1.1 issue, after which Pettygrue acknowledged the district court would proceed with sentencing. Pettygrue's actions are *inconsistent* with moving to withdraw his plea, not tantamount to making such a motion. As to the second contention, Pettygrue appealed only the denial of his Rule 32 motion; he did not appeal his conviction or sentence, and he did not in any way rely on 28 U.S.C. § 2255. *Cf. id.* at 1027–28 (reaching the merits of the defendant's § 5K1.1 argument because he "filed a motion to vacate his guilty plea, pursuant to both Fed. R.Crim.P. 32(d) *and 28 U.S.C. § 2255.*" and the latter provision allowed a merits review) (emphasis added). Thus, this Court must decline Pettygrue's invitation to examine the merits of his case.

In sum, the district court's order denying Pettygrue's motion to withdraw his guilty plea, based on lack of jurisdiction, is AFFIRMED.