72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jerry M. BAGNOLI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5731.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1995.
 
 Before: KENNEDY, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255 and moves for the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jerry M. Bagnoli pleaded guilty to conspiring to possess marijuana with the intent to distribute it in violation of 21 U.S.C. Sec. 846 and using certain real and personal property to facilitate the drug offense in violation of 21 U.S.C. Sec. 853. The district court sentenced Bagnoli to 120 months in prison and eight years of supervised release. Bagnoli appealed and claimed that: 1) he deserved a sentence reduction because he had provided substantial assistance to the government; 2) the district court erred by denying his request for a hearing to determine why the government refused to file a motion for downward departure; and 3) the government improperly tried to delay making a determination on whether to file such a motion. This court affirmed the district court's judgment. United States v. Bagnoli, 7 F.3d 90 (6th Cir.1993), cert. denied, 115 S.Ct. 95 (1994).
 
 
 3
 In his motion to vacate sentence, Bagnoli claimed that: 1) he did not receive effective assistance of counsel; 2) the government did not adequately show his connection with the amount of drugs for which he was sentenced; 3) the government did not show a conspiracy since he could not have conspired with a government agent; 4) the government entrapped him by inducing him to buy a larger amount of marijuana; 5) he involuntarily pleaded guilty because the court did not advise him of the mandatory minimum sentence; and 6) the government improperly used his refusal to assist the government as an aggravating sentencing factor. In addition, Bagnoli argued for the first time in his reply to the government's response to the motion to vacate that: 7) his conviction should be set aside because the forfeiture proceeding and criminal prosecution violated the Double Jeopardy Clause; and 8) his sentence was enhanced pursuant to an unconstitutional statute.
 
 
 4
 The magistrate judge recommended that Bagnoli's motion to vacate be denied. The district court adopted the report and recommendation over Bagnoli's timely objections. Bagnoli appeals that judgment.
 
 
 5
 In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Technical violations of the federal sentencing guidelines will not warrant relief. See Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (only extraordinary circumstances warrant review of sentence guideline violation). In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 6
 Bagnoli is barred from seeking relief on his claims enumerated 2, 3, 4, 5, 6, 7, and 8. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Bagnoli must demonstrate cause and prejudice to excuse his failure to raise his claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Bagnoli claims that counsel's deficient performance caused his failure to raise these arguments on direct appeal. Even if one assumes for the moment that defense counsel's deficient performance caused Bagnoli not to raise the issues on direct appeal, Bagnoli was not prejudiced because his claims are meritless.
 
 
 7
 Moreover, Bagnoli received effective assistance of counsel. Bagnoli argues that his attorney was deficient because counsel: 1) did not file a direct appeal on the issues set forth in the motion to vacate sentence; 2) did not properly investigate the case nor sufficiently confer with Bagnoli; 3) did not advise Bagnoli of the motions that could have been filed under Fed.R.Crim.P. 29 and Rule 33; 4) misadvised Bagnoli to enter into a consent decree of forfeiture; and 5) did not advise Bagnoli regarding whether to accept a plea bargain. To establish ineffective assistance of counsel, Bagnoli must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). In a guilty plea context, to establish prejudice Logan must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Because defense counsel's performance was not deficient for the reasons that follow, the prejudice prong of the Strickland analysis need not be considered.
 
 
 8
 Bagnoli contends that his counsel did not file a direct appeal and that counsel was ineffective for not raising the issues set out in claims 2 through 8 on direct appeal. Counsel did file a direct appeal. This court affirmed the district court's judgment. In addition, counsel's decision not to raise the issues set out in claims 2 through 8 on direct appeal was not in any way deficient. An attorney is not required to present a baseless defense or an argument for which there is no good-faith factual support to avoid a charge of ineffective representation. Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986). Bagnoli's claims enumerated 2 through 8 are meritless.
 
 
 9
 Bagnoli argues that his attorney did not investigate crucial facts nor confer with him about the case. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. Sims v. Livesay, 970 F.2d 1575, 1580-81 (6th Cir.1992) (quoting Strickland, 466 U.S. at 691). Bagnoli was caught in a "reverse sting" operation in which federal agents offered to sell him marijuana. Bagnoli accepted the offer and was arrested while loading 100 lbs. of marijuana into his car. Under these circumstances, it was reasonable for counsel to decide that particular investigations were unnecessary. Id. In addition, counsel was not deficient for not adequately conferring with Bagnoli. Bagnoli expressed complete satisfaction with his attorney's advice and representation at his guilty plea. At the sentencing hearing, counsel mentioned several meetings and conversations.
 
 
 10
 Bagnoli argues that his attorney did not investigate crucial facts nor confer with him about the case. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. Sims v. Livesay, 970 F.2d 1575, 1580-81 (6th Cir.1992) (quoting Strickland, 466 U.S. at 691). Bagnoli was caught in a "reverse sting" operation in which federal agents offered to sell him marijuana. Bagnoli accepted the offer and was arrested while loading 100 lbs. of marijuana into his car. Under these circumstances, it was reasonable for counsel to decide that particular investigations were unnecessary. Id. In addition, counsel was not deficient for not adequately conferring with Bagnoli. Bagnoli expressed complete satisfaction with his attorney's advice and representation at his guilty plea. At the sentencing hearing, counsel mentioned several meetings and conversations.
 
 
 11
 Bagnoli's third example of his attorney's ineffectiveness is patently ridiculous. Bagnoli argues that counsel was ineffective because he did not advise him of the motions that could have been filed under Fed.R.Crim.P. 29 and Rule 33. Bagnoli pleaded guilty. It defies logic and common sense to argue that, in the face of Bagnoli's guilty plea, counsel was duty bound to advise his client of a motion for judgment of acquittal (Rule 29) or a motion for a new trial (Rule 33).
 
 
 12
 Bagnoli's fourth example of ineffectiveness is also groundless. Bagnoli contends that counsel gave him bad advice regarding the forfeiture issue. Bagnoli does not specify how he was misadvised. The gist of Bagnoli's argument, however, is that he was improperly advised to consent to forfeiture of property even though Bagnoli now claims that he was not the rightful owner of the property nor was the property used to facilitate the drug offense. The reasonableness of counsel's performance is evaluated in the context of the circumstances at the time of the alleged error. Strickland, 466 U.S. at 690. Given the circumstances in this case, counsel's performance was not deficient. Had the case gone to trial, the government was prepared to prove that Bagnoli originally purchased real estate and put it in the name of his girlfriend's daughter. Later, he put the property in the name of his girlfriend. Bagnoli lived at the residence at the time of his arrest and there is no evidence that Bagnoli was employed for at least 15 years prior to his arrest. Thus, it was reasonable to conclude that the $60,000 Bagnoli paid for the house was the proceeds of his marijuana distribution business. In addition, a number of telephone calls were made to and from the residence concerning the distribution of marijuana. Therefore, given the overwhelming evidence of guilt and the fact that Bagnoli only forfeited "whatever interest" he had in the property, counsel's performance was not in any way deficient.
 
 
 13
 Bagnoli's final example of ineffectiveness is groundless. Bagnoli alleges that counsel did not advise him whether to accept the plea bargain. An attorney's failure to inform a defendant of a plea offer can constitute ineffective assistance. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994); see generally Turner v. Tennessee, 858 F.2d 1201, 1205 (6th Cir.1988) (incompetent advice to reject a plea offer can constitute a Sixth Amendment deprivation), vacated on other grounds, 492 U.S. 902 (1989). The record indicates that defense counsel apparently recommended that Bagnoli accept the terms of the plea agreement. The government wrote to counsel in connection with Bagnoli's possible guilty plea. Thereafter, the government provided counsel with copies of the plea agreement, consent decree and judgment of forfeiture. Bagnoli signed all the documents indicating his knowledge of the terms of the agreement. In addition, the district court specifically asked Bagnoli whether he was satisfied with counsel's advice and representation. Bagnoli answered that he was satisfied with counsel's advice.
 
 
 14
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Bagnoli's motion for counsel is denied.