**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jerry BAGNOLI, Defendant–Appellant.**

**No. 92–6668.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 9, 1993.

Decided Oct. 8, 1993.

Charles P. Wisdom, Jr., R. Michael Murphy, (argued and briefed), Asst. U.S. Attys., and Karen K. Caldwell, U.S. Atty., Office of the U.S. Atty., Lexington, KY, for plaintiff-appellee.

Warren N. Scoville (argued and briefed), Scoville, Cessna & Crawford, Lexington, KY, for defendant-appellant.

Before: BOGGS and SILER, Circuit Judges; and JOINER, Senior District Judge.*

BOGGS, Circuit Judge.

The defendant appeals from the statutory minimum sentence that he received following

---

* The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

his guilty plea. Claiming that he deserved a sentence reduction because he had provided "substantial assistance" to the Government, he contends that the district court erred when it denied his request for a hearing to determine why the United States refused to file a downward departure motion. The defendant also contends that the government improperly tried to delay making a determination on whether to file such a motion. For the reasons stated, we affirm.

## I

Jerry Bagnoli was arrested on drug-related charges in Scott County, Kentucky. He pleaded guilty to the first and fifth counts of a five-count indictment, admitting conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846, and use of property to commit a controlled-substance offense, in violation of 21 U.S.C. § 853. On December 1, 1992, the district court sentenced Bagnoli to 120 months' imprisonment. Based upon the appellant's extensive criminal history, this sentence was the statutory minimum.

Bagnoli's appeal is limited to the events surrounding his plea agreement. Paragraph 10 of the Plea Agreement states:

The United States hereby agrees to file a motion to consider a sentence departure ... when and if the United States determines that the defendant has substantially assisted the Government. The defendant understands that the final determination of what is considered substantial assistance will be made by the United States.

At the time of sentencing, the United States informed the court that it would not be filing a downward departure motion. Bagnoli's attorney expressed his concerns, stating that he believed Bagnoli had provided "substantial assistance" to the Government, and that a hearing was necessary to resolve this issue. The court concluded that, absent a downward departure motion by the Government, such a further hearing would be unwarranted because the court would otherwise lack the authority to reduce the mandatory minimum sentence imposed on Bagnoli. 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. Nevertheless, the court permitted the appellant

to file an affidavit that would create a record of his claim that he had provided "substantial assistance" to law-enforcement authorities. Bagnoli filed the affidavit, detailing his claimed cooperation with the Government, and this timely appeal followed.

## II

The Plea Agreement states that the United States would file a motion for a downward departure in Bagnoli's sentence, pursuant to 18 U.S.C. § 3553(e) and to U.S.S.G. § 5K1.1, "when and if the United States determines that the defendant has substantially assisted the Government." Plea Agreement at ¶ 10. It is undisputed that Bagnoli provided some assistance. However, at sentencing the government informed the court that it did not intend to file a downward departure motion. The government did not state its reason for not filing such a motion. The defendant protested, contending that he had in fact provided "substantial assistance" and that he should have the opportunity to argue this point before the court. The court held that, absent a government motion, it had no power to depart from the mandatory minimum sentence. Bagnoli contests this ruling, arguing that he should have been granted a hearing before the district court on the Government's reasons for failing to move for the reduction.

*Wade v. United States,* —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), addresses the issues raised by the defendant's appeal. In *Wade,* the defendant contended that he had provided "substantial assistance" to law-enforcement officials after they had arrested him on charges of drug distribution and related gun use. As a result of this "substantial assistance," he claimed that he was entitled to a sentence reduction. When the Government refused to move for a downward departure, Wade sought to prove to the court the facts of his "substantial assistance" and to inquire of the Government why it refused to make the motion. However, citing 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, the district court refused his requests. The Fourth Circuit affirmed, holding that, absent a motion filed by the Government, the district court could not reduce a defendant's

mandatory minimum sentence on the basis of "substantial assistance" and that a defendant is not entitled to an explanation for the Government's refusal to move for a downward departure. *United States v. Wade,* 936 F.2d 169, 172–73 (4th Cir.1991), *aff'd,* ―― U.S. ――, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).

■ On appeal, the Supreme Court ruled that a district court has the authority to review the Government's failure to move for a downward departure only if the court finds that the refusal was based on an unconstitutional motive. *Wade,* ―― U.S. at ――, 112 S.Ct. at 1843–44. Moreover, the Court added, "It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id.* at ――, 112 S.Ct. at 1844. A defendant has a right to a hearing only if he makes a substantial threshold showing of an unconstitutional motive. *Id.* ――, 112 S.Ct. at 1844. *See also United States v. Urbani,* 967 F.2d 106, 109 (5th Cir.1992); *United States v. Egan,* 966 F.2d 328, 332 (7th Cir.1992), *cert. denied,* ―― U.S. ――, 113 S.Ct. 1021, 122 L.Ed.2d 167 (1993).

■ In the present case, the defendant did not make this threshold showing. Rather, the defendant's attorney merely argued during the hearing that Bagnoli had provided "substantial assistance." While the defendant's affidavit further details his efforts to cooperate with the Government, these allegations are insufficient under *Wade.* The defendant has failed to make a threshold showing that the Government was motivated by unconstitutional considerations when it decided not to move for downward departure. Indeed, at no point did the defendant's attorney even make such an argument. Accordingly, the defendant is not entitled to a hearing.

### III

Bagnoli also contends that the court erred when it held that, even if the Government did not desire to move for a downward departure before sentencing, it could invoke Federal Rule of Criminal Procedure 35(b) to make a

U.S.S.G. § 5K1.1 motion at a date subsequent to sentencing, if it ultimately so desired. Rule 35(b) allows the court, on motion of the government made within one year after the imposition of a sentence, to reduce that sentence based on a defendant's subsequent substantial assistance in the investigation or prosecution of another person who has committed an offense. As Bagnoli has characterized the court's holding, Rule 35(b) was applied by the court to enable the Government to "defer" its decision on whether to make a downward departure motion prior to Bagnoli's sentencing.

In support of his position, Bagnoli relies upon *United States v. Drown,* 942 F.2d 55 (1st Cir.1991). In *Drown,* at the time of sentencing the Government was still actively seeking to elicit information from a defendant who had already "proved to be a multiloquent catch," having cooperated productively with government agents who were investigating drug-related offenses. *Id.* at 57. At sentencing, the Government sought to postpone a determination of whether to file a § 5K1.1 motion, preferring to delay rewarding the defendant for his collaboration until his cooperation was "complete" because "Drown remained a potential wellspring of future assistance...." *Ibid.* The Government argued that it could defer its presentencing decision because it could later file a downward departure motion, for defendant's substantial assistance, under the rubric of Rule 35(b).

The appeals court rejected this approach, holding that U.S.S.G. § 5K1.1 was "designed to recognize, and ... reward, assistance rendered *prior* to sentencing. Rule 35(b), on the other hand, was designed to recognize and reward *subsequent* cooperation." *Id.* at 59 (emphasis in original). Therefore, if the Government regarded defendant Drown's assistance to have been "substantial" at sentencing time, a downward departure motion should have been filed prior to sentencing, and a motion *for that reason* could not be deferred to a later time. Appellant contends that, based on *Drown,* the *Bagnoli* court should not have offered the Government the option of making a downward departure motion at a post-sentence date.

However, *Drown* is inapposite because the Government in the present case did not endeavor to postpone making a § 5K1.1 determination. On the contrary, the government affirmatively stated that it did not intend to file such a motion at all. Nevertheless, at the end of the sentencing hearing, the United States Attorney did state that he would speak with the agents who had "worked with . . . or attempted to work with" Bagnoli, and that, upon reexamination of the circumstances, he would bring a motion under Rule 35(b) "if we think it's warranted."

 Thus, in the present case, a clear *decision* had been made by the Government not to move for a reduction. The Government's *offer* at the close of the hearing to "reexamine" Bagnoli's claim cannot be construed as a "deferral." The First Circuit's decision in *Drown* cannot be applied to the instant fact pattern. The trial court's actions were proper.

Accordingly, the district court's judgment and sentence is AFFIRMED.