14 F.3d 602
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Emilio HINOJOS, Defendant-Appellant.
 No. 93-1110.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1993.
 
 Before: MARTIN and RYAN, Circuit Judges; and EDGAR, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant Emilio Hinojos appeals from the conviction and sentence imposed following his plea of guilty to conspiracy to manufacture and distribute marijuana. At sentencing, Hinojos moved for an evidentiary hearing to inquire into the government's refusal to file a motion for a downward departure from the sentencing guidelines. The district court denied the motion, and Hinojos appeals that denial. For the reasons that follow, we shall affirm the district court.
 
 I.
 
 2
 Emilio Hinojos pleaded guilty to conspiracy to manufacture and distribute marijuana. The plea was made pursuant to a Rule 11 plea agreement calling for Hinojos to cooperate truthfully with the government, after which the government would move for a downward departure of 36 months from the sentencing guidelines. In the agreement, the government reserved the right to make the sole determination as to whether and when defendant fulfilled this obligation.
 
 
 3
 Hinojos testified before a grand jury on September 23, 1992. On October 13, 1992, the government sent a letter to defense counsel advising him that the government believed that Hinojos' testimony was not truthful. Consequently, Hinojos submitted to a polygraph examination, which he failed. On November 2, 1992, the government informed defense counsel that it would not be moving for a downward departure.
 
 
 4
 Hinojos filed a motion to withdraw his guilty plea or to compel the government to make the downward departure motion. The motion attacked the government's factual conclusion of untruthful cooperation, but did not allege that bad faith or unconstitutional motives were involved in the decision.
 
 
 5
 In denying defendant's motion and refusing to conduct an evidentiary hearing regarding the truthfulness of defendant's cooperation, the district judge stated:
 
 
 6
 That's an executive branch decision they have to make, there's no indication they made it illegally or in any other way improper. There's no indication that they used race, religion or any other improper indicator as a basis for their decision making. Indeed, the indication is that they used a polygraph examination and had their belief buttressed by that polygraph that the defendant was not being completely candid in his testimony at the grand jury.
 
 
 7
 In the face of that proffered information, I can't--I just can't imagine a Court wading in and volunteering to second guess the discretionary decision made by the government here to not file the leniency request....
 
 
 8
 Defendant was sentenced to 120 months of incarceration, and subsequently filed this appeal.
 
 II.
 
 9
 Federal district courts have the power to inquire into a prosecutor's refusal to make a downward departure motion and to grant a remedy if that refusal was based on an unconstitutional motive. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992). Before a defendant is entitled to an evidentiary hearing, however, he must make a threshold showing that the prosecutor's refusal was motivated by an unconstitutional reason. It is not enough to argue that the government made a mistake as to whether the cooperation was substantial or truthful. Id. at 1844; United States v. Bagnoli, --- F.3d ----, 1993 WL 393845, * 2 (6th Cir. Oct. 8, 1993).
 
 
 10
 Wade did not involve a plea agreement. Some courts have found that the existence of a plea agreement permits the district court to review the prosecutor's refusal for bad faith, as well as for unconstitutional motive. See United States v. Knights, 968 F.2d 1483, 1487 (2d Cir.1992); United States v. Ganz, 806 F.Supp. 1567, 1574 (S.D.Fla.1992). We need not decide this issue in the present case. Regardless of whether we agree with this view, the fact remains that Hinojos did not allege in the district court that the government's refusal to move for a downward departure was motivated either by bad faith or by an unconstitutional motive. Consequently, he has not made the requisite threshold showing that would entitle him to an evidentiary hearing. See, e.g., Bagnoli, 1993 WL 393845, * 2; United States v. Khan, 920 F.2d 1100 (2d Cir.1990), cert. denied, 111 S.Ct. 1606 (1991). The district court did not abuse its discretion in denying Hinojos' motion for an evidentiary hearing.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation