97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene SLUSKER, Defendant-Appellant.
 No. 95-4222.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1996.
 
 1
 Before: MARTIN and CONTIE, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 2
 Eugene Slusker appeals a district court judgment of conviction and sentence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Slusker pleaded guilty to one count of conspiracy to evade federal excise taxes in violation of 18 U.S.C. §§ 371 and 3551. Prior to sentencing, Slusker moved the district court to order the government to file a motion for downward departure pursuant to USSG § 5K1.1. After the court denied the motion, it sentenced Slusker to twenty-seven months of imprisonment and three years of supervised release, imposed a $50 special assessment, and ordered Slusker to pay restitution in the amount of $171,851. Slusker has filed a timely appeal, in which he argues that the district court improperly denied his motion to compel the government to file a § 5K1.1 motion.
 
 
 4
 Upon review, we conclude that the district court properly denied Slusker's motion to compel the government to file a § 5K1.1 motion. USSG § 5K1.1 provides that the court may depart from the guideline range if the government files a motion stating that the defendant has provided substantial assistance to the government. A district court has the authority to review the government's refusal to move for a downward departure only if the court finds that such refusal was based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Bagnoli, 7 F.3d 90, 91-92 (6th Cir.1993), cert. denied, 115 S.Ct. 95 (1994). A claim that the defendant merely provided substantial assistance or generalized allegations of improper motive will not entitle the defendant to a remedy. Wade, 504 U.S. at 186; Bagnoli, 7 F.3d at 92.
 
 
 5
 As Slusker has not alleged that the government's refusal to file the motion was based on an unconstitutional motive, his claim is without merit. While Slusker argues that he gave substantial assistance, the government provided testimony that the assistance rendered by Slusker was not substantial or of significant help to the government. Since the government's decision was based on the extent and nature of Slusker's cooperation, the government did not act in bad faith, United States v. Johnson, 46 F.3d 19, 21 (6th Cir.1995) (order), and the government properly declined to file the motion. See Sullivan v. United States, 11 F.3d 573, 575 (6th Cir.1993) (government's refusal to file § 5K1.1 motion because information provided by the defendant did not amount to substantial assistance was a rational and acceptable reason for the government to decline to request a downward departure). Further, the record clearly reflects that the government did not promise to file a § 5K1.1 motion as part of Slusker's plea agreement.
 
 
 6
 Accordingly, this court affirms the district court's judgment.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation