110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony RAGOZZINO, Defendant-Appellant.
 No. 94-2137.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1997.
 
 Before: KENNEDY, KEITH and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Anthony Ragozzino appeals the district court's sentence of 188 months' imprisonment imposed after his plea of guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Ragozzino challenges the district court's failure to review the government's decision not to move for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), as contemplated in the Rule 11 plea agreement. For the reasons that follow, we AFFIRM the sentence imposed by the district court.
 
 I.
 
 2
 On August 19, 1993, Anthony Ragozzino ("Ragozzino"), a convicted felon, was found in possession of a loaded firearm during the execution of a search warrant at his residence in Detroit, Michigan. One week later, a federal grand jury returned an indictment against Ragozzino charging him, among other things, with being a felon in possession of a firearm. Thereafter, the government filed a notice identifying Ragozzino as an Armed Career Criminal, subject to the enhanced penalty required by 18 U.S.C. § 924(e) of a mandatory minimum sentence of fifteen years' incarceration.
 
 
 3
 Ragozzino entered into a Rule 11 plea agreement with the government whereby Ragozzino would plead guilty to the felon in possession charge in exchange for the dismissal of the remaining charges. The plea agreement limited Ragozzino's maximum exposure to 188 months' imprisonment, with the possibility of a downward departure and recommendation of 120 months' imprisonment if Ragozzino provided substantial assistance to the government. The plea agreement provided:
 
 
 4
 In addition to providing information and testifying, defendant will encourage Lynn Walker to fully, completely, and truthfully cooperate with the Bureau of Alcohol, Tobacco and Firearms relative to any knowledge she has about drug and firearm offenses....
 
 
 5
 ... The government reserves the right to make the sole determination as to whether and when defendant has provided substantial assistance.
 
 
 6
 Plea Agreement, p. 5. The government reiterated its complete discretion to request a downward departure during Ragozzino's plea hearing.
 
 
 7
 On August 30, 1994, the district court sentenced Ragozzino to 188 months' imprisonment. The government declined to move for a downward departure, later stating that it believed that Ragozzino instructed Lynn Walker not to cooperate. Thereafter, Ragozzino moved the district court for an evidentiary hearing to clarify the record pursuant to Federal Rule of Appellate Procedure 10(e). Ragozzino requested the hearing in order to show that he was entitled to a motion for downward departure because of the assistance provided by Lynn Walker. Ragozzino alleged that the government's failure to file such a motion in light of Walker's assistance was a breach of the plea agreement, and a hearing was necessary to show that there was additional evidence that was not part of the record that clarified the parties' understanding of the effect of Walker's assistance on Ragozzino's right to a downward departure. Ragozzino also contended that the government never attempted to obtain information from Ragozzino directly.
 
 
 8
 The district court denied Ragozzino's motion, holding that the government had sole discretion to determine whether to file a motion for downward departure based on substantial assistance. Thus, even if the parties had an informal agreement that Ragozzino's substantial assistance would include assistance provided by Walker, the government would maintain the right to refuse to bring a motion for downward departure based on Walker's assistance. Ragozzino now appeals the sentence imposed by the district court.
 
 II.
 A.
 
 9
 Although a decision not to file a § 5K1.1 motion is not insulated from all review, the burden rests on the petitioner to plead and prove that the government's decision was the result of a constitutionally suspect motivation. Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Bagnoli, 7 F.3d 90, 92 (6th Cir.1993) (citing Wade ). As we stated in Bagnoli:
 
 
 10
 It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.... A defendant has a right to a hearing only if he makes a substantial threshold showing of an unconstitutional motive.
 
 
 11
 Bagnoli, 7 F.3d at 92 (citations omitted).
 
 
 12
 Ragozzino has made no claim that the government's failure to file a § 5K1.1 motion was based upon an unconstitutional motive; instead, Ragozzino argues that he provided substantial assistance through the information the government elicited from Lynn Walker. Ragozzino's allegations of cooperation are insufficient to warrant a remedy or even a hearing under Wade and Bagnoli. Ragozzino has failed to make a threshold showing that the government was motivated by unconstitutional considerations when it decided not to move for downward departure. Accordingly, Ragozzino's claims in this regard are without merit.
 
 B.
 
 13
 Ragozzino also argues that the government's failure to move for a downward departure constituted a breach of the Rule 11 plea agreement. When the government fails to fulfill the terms of a plea agreement, an unsatisfied defendant may seek specific performance. Santobello v. New York, 404 U.S. 257, 262-63 (1971). However, in the present case, Ragozzino presented no evidence that the government breached the plea agreement; the fact that the government chose not file a § 5K1.1 motion did not amount to such a breach.
 
 
 14
 The government retains complete discretion to determine whether a § 5K1.1 motion is warranted. United States v. Epley, 52 F.3d 571, 580 (6th Cir.1995). Ragozzino was aware of the complete discretion possessed by the government as evidenced in the plea agreement and the transcript of the plea hearing. Thus, Ragozzino's claim that the government breached the plea agreement is wholly without merit.
 
 
 15
 Further, Ragozzino's allegations of agreements made outside of the written plea agreement do not change this conclusion.[1] As noted by the district court, even if the parties' had an understanding that Ragozzino would be credited with whatever assistance that Walker provided, the government maintained sole discretion to determine if Walker's assistance warranted a motion for downward departure.
 
 
 16
 Finally, Ragozzino's argument that the government never attempted to obtain information from him directly is without merit, because the government's failure to debrief Ragozzino does not constitute a breach of the plea agreement. The plea agreement stated that Ragozzino agreed to provide truthful information; if that cooperation amounted to substantial assistance, Ragozzino would be entitled to a motion for a downward departure. Nothing in the plea agreement required the government to debrief Ragozzino; in fact, the provision in the plea agreement referring to Lynn Walker would seem to indicate that the government envisioned Ragozzino's assistance in the form of obtaining Walker's cooperation. Accordingly, the government's decision not to debrief Ragozzino does not amount to a breach of the plea agreement.
 
 III.
 
 17
 For the reasons stated above, we hereby AFFIRM the sentence imposed by the district court.
 
 
 
 [1]
 We are not entirely clear regarding Ragozzino's claim that the agreement concerning Walker's assistance was outside of the written plea agreement; the written plea agreement clearly contemplated that Ragozzino's assistance included encouraging Walker to cooperate