**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Johnny Walter HOWARD, Defendant–Appellant.**

**No. 00–6149.**

United States Court of Appeals, Sixth Circuit.

May 9, 2001.

Before SILER and GILMAN, Circuit Judges; DUGGAN, District Judge.[*]

Johnny Walter Howard appeals the sentence imposed upon his convictions for possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 22, 2000, a grand jury indicted Howard on the above counts as well as on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. In exchange

[*] The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

for the dismissal of the felon in possession counts, Howard cooperated with the government and pleaded guilty to the offenses of conviction pursuant to a written plea agreement on May 15, 2000. Neither party thereafter objected to the presentence investigation report (PSR) which indicated that the guideline imprisonment range was 24 to 30 months for the possession count and 60 months for the firearm count. At sentencing, the government acknowledged that Howard had cooperated, but did not move for a downward departure pursuant to USSG § 5K1.1 because Howard's assistance had not been substantial. The government did recommend that Howard be sentenced at the low end of the range on the possession count, and the district court accordingly sentenced Howard to a total of 84 months in prison, 5 years of supervised release, and a special assessment of $200.

Howard's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised one issue: whether the government should have filed a motion for a downward departure pursuant to § 5K1.1 based on Howard's substantial assistance. Howard was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we grant counsel's motion to withdraw because counsel has filed an acceptable *Anders* brief that raises the only issue determined to be arguable and concludes, after a review of the record, that there are no meritorious grounds for relief.

■ We conclude that the issue raised lacks merit. A defendant generally cannot challenge the government's refusal to re-

quest such a departure, unless the government's decision was the result of a constitutionally suspect motivation, such as race or religion. *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524. 185–86 (1992); *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir.1993). Howard has not shown that the government's failure to file a § 5K1.1 motion was motivated by unconstitutional considerations, and a review of the record reveals no such evidence.

■ We have reviewed the record for other possible issues which would merit review and have found none. First, Howard entered a valid plea. A review of the guilty plea transcript reveals that the district court complied with the requirements of Fed.R.Crim.P. 11. The court ascertained that Howard was competent to enter the plea. The court also advised Howard of the constitutional protections he was waiving by offering his plea and elicited the factual basis for the plea. *See United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). There was no error in this regard. The validity of the guilty plea means that Howard waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson*, 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Second, Howard was properly sentenced. The transcript of the sentencing hearing reflects that Howard and his counsel were present and were given the opportunity to comment on the PSR, but had no objections. Howard's sentence was not in conflict with the plea agreement. No base offense level was agreed upon, and the government kept its promise to inform the court of the nature and extent of Howard's cooperation. The government likewise, as promised, did not oppose a reduction in the offense level for acceptance of

responsibility. Furthermore, Howard's sentence is within the guideline range.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.