UNITED STATES of America,
Plaintiff–Appellee,

v.

Eddie Joe WOODS, Defendant–
Appellant.

No. 01–5354.

United States Court of Appeals,
Sixth Circuit.

July 19, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.[*]

## *ORDER*

Eddie Joe Woods, a federal prisoner, appeals his conviction and sentence for conspiracy to possess cocaine base (crack) with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In exchange for the dismissal of a possession count, Woods pleaded guilty to the above charge and promised to cooperate. Woods did not file any objections to the presentence investigation report (PSR), in which 16.9 grams of crack cocaine and a prior felony drug conviction were attributed to him. The district court sentenced Woods to the applicable minimum statutory term of 10 years in prison, as well as 8 years of supervised release, a $500 fine, and a $100 special assessment. Judgment was entered on February 15, 2000. On September 19, 2000, Woods filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, asserting that counsel had ignored his request to file a direct appeal. The government conferred with Woods's trial counsel, and agreed with Woods that the motion was well-taken. The district court then granted Woods leave to file a late appeal.

In his appeal, Woods argues that: 1) the district court erred by not granting Woods a downward departure; 2) the district court erred by not crediting Woods's state prison term towards his federal sentence; and 3) the indictment was defective because it failed to indicate the fact of his prior conviction and the drug quantity.

Woods did not raise any of his arguments below. Therefore, he has forfeited his right to raise them on appeal and this court will review them only for plain error. *See Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Before this court can correct an error not previously raised at trial, the defendant must show that: 1) an error occurred, 2) the error was plain, 3) the error affected substantial rights, and 4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Woods first argues that the district court erred by not granting him a downward departure for substantial assistance.

No error occurred. The government has wide discretion as to whether to move for a downward departure under USSG § 5K1.1, and a defendant generally cannot challenge the government's refusal to request such a departure, especially where, as here, a plea agreement gives complete discretion to the government to determine whether a substantial assistance motion is warranted. *See United States v. Moore*, 225 F.3d 637, 641 (6th Cir.2000). Thus, a claim that a defendant provided substantial assistance will not entitle a defendant to a remedy, discovery, or an evidentiary hearing. *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir.1993). However, an exception exists where the government's decision was the result of a constitutionally suspect motivation, such as race or religion. *Wade v. United States*, 504

[*] The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *Moore,* 225 F.3d at 641; *Bagnoli,* 7 F.3d at 92. Woods does not assert that the government's failure to file a § 5K1.1 motion was based upon an unconstitutional motive, and an independent review of the record reveals no evidence that the government's failure to file a § 5K1.1 motion was so motivated. Woods instead merely argues that he provided what assistance he could and that the government had been unable to locate his co-conspirator. Woods's allegation of cooperation is insufficient to warrant a remedy or a hearing under *Wade* and *Moore.*

Woods next argues that the district court erred by not crediting Woods's state prison term towards his federal sentence.

■ No error occurred. Woods was properly sentenced to the statutory minimum of 120 months in prison because this minimum exceeded his Guidelines range of 70–87 months. *See* USSG § 5G1.1(b); *United States v. Barnes,* 49 F.3d 1144, 1150 (6th Cir.1995). Where a statutory minimum sentence is involved, the district court may not depart downward unless the defendant rendered substantial assistance or was eligible for a safety valve reduction. *See* 18 U.S.C. § 3553(e) and (f). Consequently, the court could not depart downward to give Woods credit for time served on his expired state sentence. *See, e.g., United States v. Otto,* 176 F.3d 416, 418 (8th Cir.1999).

Finally, Woods argues that the indictment was defective because it failed to indicate the drug quantity and the fact of his prior conviction.

Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be included in the indictment, submitted to the jury, and proved beyond a reasonable doubt. *United States v. Cotton,* —— U.S.

——, ——, 122 S.Ct. 1781, 1783, 152 L.Ed.2d 860, —— (2002); *Apprendi v. New Jersey,* 530 U.S. 466, 476, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This rule also may apply where a district court's drug quantity determination subjects a defendant to a mandatory minimum term of imprisonment, which would not have been triggered but for the district court's findings. *United States v. Humphrey,* 287 F.3d 422, 446 (6th Cir.2002). However, the failure to include the drug quantity in the indictment does not deprive the trial court of jurisdiction and does not necessarily violate the fourth element of the plain error test by seriously affecting the fairness and integrity of judicial proceedings. *Cotton,* —— U.S. at —— – ——, 122 S.Ct. at 1785–86. In *Cotton,* the Supreme Court held that the fairness and integrity of judicial proceedings were not seriously affected where the defendant never objected to the indictment's failure to include the drug quantity and the evidence of drug quantity was overwhelming and essentially uncontroverted. *Id.* at 1786–87.

■ Woods is not entitled to be resentenced. First, the fact of Woods's prior conviction did not have to be included in the indictment. *See id.* at 1783. Second, although the drug quantity subjected Woods to a mandatory minimum of 10 years in prison, *see* 21 U.S.C. § 841(b)(1)(B), the lack of a specific drug quantity in the indictment did not seriously affect the fairness and integrity of the judicial proceedings because Woods never objected below to the defective indictment and the evidence of drug quantity provided in the PSR was overwhelming and essentially uncontroverted. Additionally, we note that the plea agreement had given Woods notice that he was subject to a prison term of "at least 10 years not to exceed life."

Accordingly, the district court's judgment is affirmed.