**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frank BILLINGS, Defendant–Appellant.**

**No. 02–5361.**

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2002.

Before RALPH B. GUY, JR. and BOGGS, Circuit Judges; and EDMUNDS, District Judge.*

*ORDER*

Frank Billings appeals the sentence imposed upon his conviction for conspiring to distribute and to possess with the intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 16, 2001, Billings pleaded guilty to the above offense pursuant to a written plea agreement. The plea agreement provided that Billings would cooperate fully with law enforcement, that the government would retain the discretion to

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

move for a downward departure based on substantial assistance, and that the government would not oppose a reduction in offense level for acceptance of responsibility. After the plea hearing, Billings was released on bond pending sentencing. Billings, however, absconded and was then arrested in Indiana on a state felony drug charge of possessing or distributing cocaine. Consequently, the government did not move for a downward departure at the federal sentencing hearing. Although the government did not oppose a reduction in Billings's offense level for acceptance of responsibility, the district court denied the reduction because of Billings's subsequent criminal activity. Billings's resulting offense level was 26, his criminal history category was IV, and the guidelines range of imprisonment was 92 to 115 months. The district court sentenced Billings at the low end of the range to 92 months in prison and 5 years of supervised release.

Billings's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel concluded that there were no meritorious grounds for appeal, but he nonetheless raises the issue of whether Billings was entitled to a reduction in offense level for acceptance of responsibility. Billings has filed a response and raises additional issues. He argues that he did not see the presentence investigation report (PSR) until the day of sentencing, that counsel said it was too late to dispute the PSR, and that he should have received a downward departure. Billings also requests that his time to prepare an appeal be extended.

Upon review, we conclude that counsel's motion should be granted because counsel has filed an acceptable *Anders* brief.

Billings was not entitled to a reduction in offense level for acceptance of responsibility. The Sentencing Guidelines provide for a reduction in offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). To aid the district court in its determination, the commentary lists various factors to consider, including the defendant's "voluntary termination or withdrawal from criminal conduct or associations" and "conduct of the defendant that is inconsistent with such acceptance of responsibility." USSG § 3E1.1, comment. (nn.1(b) and 3). A defendant who, after accepting responsibility, engages in criminal conduct of the same type as the underlying offense has not withdrawn from criminal conduct and is not entitled to a reduction for acceptance of responsibility. *United States v. Childers*, 86 F.3d 562, 563–64 (6th Cir.1996); *United States v. Morrison*, 983 F.2d 730, 734 (6th Cir. 1993). Billings was not entitled to a reduction for acceptance of responsibility as he did not withdraw from criminal conduct after his guilty plea, but instead absconded and engaged in further drug trafficking in Indiana.

Billings's arguments in his response do not warrant relief. First, Billings failed to show that he was prejudiced from his alleged lack of an opportunity to see the PSR until the day of sentencing. At the sentencing hearing, the district court, in accordance with Fed.R.Crim.P. 32(c)(3), asked defense counsel whether he had discussed the PSR with his client. Counsel stated that they had "briefly" discussed the PSR, but that Billings's time out of state had hindered the process. The court then called a recess to permit further time for review. Billings does not argue that the time was insufficient, nor does he point to any inaccuracy in the PSR. Thus, no prejudice was shown.

Second, to the extent that Billings asserts that counsel rendered ineffective assistance by allegedly telling him it was too late to object to the PSR, Billings's argument is not reviewable. Claims of ineffective assistance are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *United States v. Carr,* 5 F.3d 986, 993 (6th Cir.1993). To the extent that he asserts that he had no opportunity to object, the assertion is belied by the record. Billings expressly declined the district court's offer to let him speak in mitigation of his sentence.

Third, Billings was not entitled to a downward departure. The government has wide discretion as to whether to move for a downward departure under USSG § 5K1.1, and a defendant generally cannot challenge the government's refusal to request such a departure, especially where, as here, a plea agreement gives complete discretion to the government to determine whether a substantial assistance motion is warranted. *United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000). Thus, a claim that a defendant provided substantial assistance will not entitle a defendant to a remedy, discovery, or an evidentiary hearing. *United States v. Bagnoli,* 7 F.3d 90, 92 (6th Cir.1993). However, an exception exists where the government's decision was the result of a constitutionally suspect motivation, such as race or religion. *Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *Moore,* 225 F.3d at 641; *Bagnoli,* 7 F.3d at 92. Billings does not assert that the government's failure to file a § 5K1.1 motion was based upon an unconstitutional motive, and an independent review of the record reveals no evidence of an unconstitutional motivation.

Accordingly, the district court's judgment is affirmed and Billings's request for an extension is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.