**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Scott GOFORTH, Defendant–Appellant.**

No. 03–5777.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, Roger West, Asst. U.S. Attorney, U.S. Attorney's Office, London, KY, for Plaintiff–Appellee.

Scott Goforth, Manchester, KY, pro se.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

## ORDER

Scott Goforth, a federal prisoner, appeals the sentence imposed upon his conviction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Goforth pleaded guilty in open court to one count of manufacturing more than 100 marijuana plants in violation of 21 U.S.C. § 841(a)(1). The plea agreement contained provisions requiring Goforth to cooperate fully with the government, but giving the government the sole discretion to decide whether to file a motion for a downward departure based on substantial assistance. Prior to sentencing, the district court revoked Goforth's bond due to violations of conditions concerning home detention and abstaining from drug use. The probation officer also prepared a presentence investigation report and calculated Goforth's offense level as 13 and his crimi-

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

nal history category as II. Neither party filed objections. At sentencing, Goforth exercised his right to allocute, the government declined to file a USSG § 5K1.1 motion, and the district court sentenced Goforth to the statutory minimum term of imprisonment of 60 months.

Goforth's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the entire record and has found no meritorious issues. In support of his conclusion, counsel examined whether the government improperly refused to file a § 5K1.1 motion. Goforth has not filed a response, despite being advised of his right to do so.

Upon review, we conclude that counsel's motion to withdraw should be granted as he has filed an acceptable *Anders* brief.

We further conclude that the government did not improperly refuse to file a § 5K1.1 motion. The government has wide discretion as to whether to move for a downward departure under § 5K1.1, and a defendant generally cannot challenge the government's refusal to request such a departure, especially where a plea agreement gives complete discretion to the government to determine whether a substantial assistance motion is warranted. *United States v. Moore,* 225 F.3d 637, 641 (6th Cir.2000). Thus, a claim that a defendant provided substantial assistance will not entitle a defendant to a remedy, discovery, or an evidentiary hearing. *United States v. Bagnoli,* 7 F.3d 90, 92 (6th Cir.1993). However, an exception exists where the government's decision was the result of a constitutionally suspect motivation, such as race or religion. *Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); *Moore,* 225 F.3d at 641; *Bagnoli,* 7 F.3d at 92.

Goforth's plea agreement gave the government complete discretion to determine whether a substantial assistance motion was warranted. Because the plea agreement gave the government the sole discretion for a substantial assistance departure, this court may review the government's refusal only for unconstitutional motives.

Counsel does not argue that the government's refusal to file a § 5K1.1 motion was based upon an unconstitutional motive, and our review of the record reveals no evidence that the government's refusal to file a § 5K1.1 motion was so motivated. At the sentencing hearing, an Assistant United States Attorney stated that the government would not be moving for a downward departure at that time because of concerns about Mr. Goforth's conduct while he was on bond. Thus, Goforth has failed to show that the government's refusal to move for a downward departure was not rationally related to any legitimate government purpose. *See Wade,* 504 U.S. at 186, 112 S.Ct. 1840; *United States v. Williams,* 53 F.3d 769, 773 (6th Cir.1995).

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.