NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0931n.06
Filed: November 23, 2005

No. 04-3087

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,      )
                           )
      Plaintiff-Appellee,       )
                           )        ON APPEAL FROM THE
          v.                )        UNITED STATES DISTRICT COURT
                           )        FOR THE SOUTHERN DISTRICT
DEBUAL NARANJO,            )        OF OHIO
                           )
      Defendant-Appellant.     )
_____

BEFORE:  MOORE, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM.

Defendant Debual Naranjo appeals his sentence, imposed following the entry of his plea of guilty to conspiracy to possess with intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. § 846. Naranjo contends that his Fourteenth Amendment due process rights were violated because the government declined to file a downward departure motion on his behalf. For support, Naranjo alleges that the decision not to file a departure motion was improperly made solely by a DEA agent. We are unpersuaded by Naranjo's arguments and, accordingly, affirm his sentence.

I.

Following the entry of Naranjo's guilty plea, the district court sentenced him to the statutory minimum of 120 months in prison. The plea agreement did not obligate the government to file a motion authorizing a downward departure from the presumptive guidelines range or the statutory

minimum due to Naranjo's assistance to law enforcement, and the government did not make such a motion. Although Naranjo objected to the government's failure to make the motion, he did not argue that the government's decision was based on unconstitutional motives or that it violated his constitutional rights. Instead, his argument was that he had fully cooperated and that leaving the decision about such a motion in the discretion of a DEA agent was "offensive to the American justice system." Specifically, Naranjo's counsel said:

> I think to leave the discretion basically in the hands of an agent, where the agent either relates to the United States attorney or doesn't relate to the United States attorney that he feels in his own discretion that there has been substantial assistance given is offensive to the American justice system.

> I think that the way the 5-K 1 is drafted that what occurred here is not, I believe, in the best interest of justice.

* * *

> . . . And I think that what occurred here was improper, but I realize that I had no recourse under the Constitutional provisions.

II.

Because Naranjo did not raise in the district court the error he now asserts on appeal, we review his sentence only for plain error. In doing so, we ask whether there was error that was plain and that affected Naranjo's substantial rights. *United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005) (citation omitted). If so, we consider whether the error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Humphrey*, 287 F.3d 422, 430 (6th Cir. 2002). Only upon such a finding may we exercise our discretion to notice the error. *See id.*; *Ninety-Three Firearms*, 330 F.3d at 424 ("[O]ur decision not to address Short's factually and legally unsupported argument does not result in a miscarriage of justice.").

Naranjo cannot meet any prong of the *Oliver* test. The courts have authority to review the prosecution's refusal to file a substantial-assistance departure motion only "if they find that the refusal was based on an unconstitutional motive," such as the defendant's race or religion. *United States v. Rashid*, 274 F.3d 407, 418 (6th Cir. 2000) (quoting *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). There is no authority to review the government's departure decision for bad faith or lack of a rational basis. *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000). Nor may the courts second-guess the government's assessment of whether Naranjo rendered substantial assistance. *See Rashid*, 274 F.3d at 418 (citing *United States v. Bagnoli*, 7 F.3d 90, 91-92 (6th Cir. 1993) (evidentiary hearing not required even though defendant provided some assistance to law enforcement and the government gave no explanation for its refusal to file a departure motion)). Because Naranjo does not allege that the government's decision not to file a departure motion was motivated by some unconstitutional animus, the district court had no authority to review the government's decision not to file a departure motion, nor do we.

Lastly, we note that Naranjo's claim that the prosecution's departure decision-making process violated his due process rights is factually unsupported. Naranjo presents nothing to substantiate his assertion that the decision not to file a departure motion was made by a DEA agent rather than by the prosecution. He merely tries to shift the burden onto the prosecution by noting, "there is no showing that a prosecutor was involved in this decision."

Moreover, it is difficult to fathom how prosecutors could avoid relying on the opinions of law enforcement personnel in determining whether a defendant rendered substantial assistance. After all, a departure motion under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e) reflects a defendant's assistance *to law enforcement*. Therefore, police officers or federal law enforcement agents often

will necessarily be in the best position to advise the prosecution as to the nature and quality of a defendant's assistance.

In sum, there was no error here, plain or otherwise, and no effect on Naranjo's substantial rights. Affirmed.