**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Danny P. MARQUEZ, Defendant—**
**Appellant.**

No. 05–10516.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 25, 2006.

USHA–Office of the U.S. Attorney, Hagatna, GU, for Plaintiff–Appellee.

Louie J. Yanza, Esq., Vernier & Maher, LLP, Hagatna, GU, for Defendant—Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Danny P. Marquez appeals from the district court's order denying his motion to compel the Government to bring a Fed. R.Crim.P. 35(b) motion for reduction of his sentence based on Marquez's substantial assistance to the government.

The Government contends, as an initial matter, that we lack jurisdiction to review this appeal. However, we reject this contention. *See* 18 U.S.C. § 3742; *see also United States v. Treleaven*, 35 F.3d 458, 461 (9th Cir.1994) (holding that the government's refusal to move for a substantial-assistance departure is reviewable if it "was based on . . . a breach of a plea agreement").

Turning to the merits of this appeal, we review for abuse of discretion a denial of a

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

motion to compel specific performance of a plea agreement, and the denial of a Rule 35(b) motion. *See United States v. Anthony,* 93 F.3d 614, 616 (9th Cir.1996); *see also United States v. Thayer,* 857 F.2d 1358, 1359 (9th Cir.1988). Marquez contends that the Government was obligated under the terms of his plea agreement to move for a substantial assistance departure. He notes that the Government promised, in his plea agreement, to file a downward-departure motion, as provided by 18 U.S.C. § 3553(e) or U.S.S.G. § 5K1.1, "if defendant provides full, truthful, and substantial assistance to investigating federal agencies[.]"

The district court, however, in denying the motion to compel, found that it was within the Government's discretion whether to file a Rule 35(b) motion because the plea agreement did not apply to assistance that was rendered post-sentencing, and Marquez had not shown an unconstitutional motivation on the part of the Government.

Although the Government has discretion to determine whether to file a Rule 35(b) motion, the Government cannot refuse to file a Rule 35(b) motion on the basis of "an unconstitutional motive, arbitrarily, or in bad faith." *See United States v. Leonti,* 326 F.3d 1111, 1119 (9th Cir.2003).

We hold that, on the facts of this case, the Government's refusal to make the Rule 35(b) motion was arbitrary. In its response to the motion to compel at the district court, the Government conceded that prior to the date Marquez's sentence became final, his information led to the arrest of a drug courier. In addition, the Government conceded that the arrest of this courier also ultimately led to the indictment of the principal of the drug conspiracy. The Government, however, stated that it declined to file a Rule 35(b) motion for a further reduction of Marquez's sentence, because it believed he had received a sentence that was too low.

Thus, Marquez arguably rendered both pre- and post-sentencing assistance, and, under the terms of the plea agreement, the Government was obligated to move for a § 5K1.1 departure. In addition, the Government stated at the time of sentencing that Marquez's assistance had not yet led to results and that if Marquez's assistance later produced results, "we'll be back before the court." *See United States v. Shapiro,* 879 F.2d 468, 471 (9th Cir.1989) ("The federal courts have long been cognizant of the responsibility of federal prosecutors meticulously to fulfill their promises.").

We further note that the failure of the Government to make a determination at the time of sentencing of whether Marquez was deserving of a § 5K1.1 departure was counter to our case law. *See United States v. Quach,* 302 F.3d 1096, 1102 (9th Cir.2002) ("The government informed the district court that it would make the motion later 'in the form of a Rule 35.' We hold that it was required to make a 'good faith evaluation' of Defendant's assistance up to the date of sentencing and to determine whether it warranted a § 5K1.1 motion.").

Accordingly, we vacate the district court's order and remand for the district court to grant the motion and for further proceedings.

We deny Marquez's request to require that Judge Dean Pregerson be assigned this case on remand. *See State of Ariz. v. Ideal Basic Indus.,* 673 F.2d 1020, 1024 (9th Cir.1982) (internal quotations omitted) ("While plaintiffs have a right to have their claim heard by the district court, they have no protectable interest in the continued

exercise of jurisdiction by a particular judge.").

**VACATED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

