NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 07a0732n.06

Filed: October 11, 2007

## No. 05-6474

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| *Plaintiff-Appellee,* | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| v. | ) | TENNESSEE |
| | ) | |
| ERROL EUGENE WASHINGTON, | ) | OPINION |
| | ) | |
| *Defendant-Appellant.* | ) | |

BEFORE:    COLE and COOK, Circuit Judges; FROST, District Judge.[*]

**GREGORY L. FROST, District Judge.**  Appellant, Errol Eugene Washington, a federal prisoner proceeding pro se, appeals a district court order denying his motion to compel the government to file a Fed. R. Crim. P. 35(b) motion for reduction of sentence. For the reasons that follow, this Court **AFFIRMS** the order of the district court.

## I.  BACKGROUND

On May 1, 1995, following a jury trial, Washington was found guilty of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846, possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), aiding and abetting in violation of 18 U.S.C. § 2, and carrying a firearm during the possession with intent to distribute crack cocaine in violation of

_____

[*] The Honorable Gregory L. Frost, United States District Judge for the Southern District of Ohio, sitting by designation.

1

18 U.S.C. § 924(c). Washington was sentenced to serve a total of 295 months of imprisonment, serve a total of five years of supervised release, and pay a $150 special assessment for his crimes. This Court affirmed Washington's convictions and sentences on October 8, 1997. *United States v. Washington*, 127 F.3d 510 (6th Cir. 1997). The United States Supreme Court denied Washington's petition for a writ of certiorari on June 22, 1998. *Washington v. United States*, 524 U.S. 940 (1998).

On June 3, 1999, Washington filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which the district court denied on March 15, 2001. On July 2, 2003, the district court granted Washington's motion for reconsideration, but denied his motion to vacate and denied his request for a certificate of appealability. The district court denied Washington's motion for a new trial on August 4, 2003. This Court denied Washington's application for a certificate of appealability on August 27, 2004.

On July 29, 2005, Washington filed the instant motion to compel the government to file a Rule 35(b) motion for reduction of sentence. The district court denied Washington's motion on September 8, 2005, and closed the case. Washington filed a timely appeal. He requests "leave to proceed in fictitious name." He has also filed two letters of supplemental citation.

## II. ANALYSIS

This Court reviews a district court order denying a motion to compel the filing of a Rule 35(b) motion for an abuse of discretion. *See United States v. Marquez*, 198 F. App'x 678, 678-79 (9th Cir. 2006); *cf. United States v. Blood*, 435 F.3d 612, 627 (6th Cir. 2006) (applying standard to motion to compel production of documents); *Ventura v. Cincinnati Enquirer*, 396 F.3d 784, 789 (6th Cir. 2005) (applying standard to motion to compel discovery). *But see United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993) (conducting *de novo* review in Rule 35(b)

motion case). An abuse of discretion has been defined as " 'a definite and firm conviction that the trial court committed a clear error of judgment.' " *United States v. Burns*, 298 F.3d 523, 543 (6th Cir. 2002) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)).

Rule 35(b) allows a district court to reduce a defendant's sentence based upon such defendant's "subsequent substantial assistance in the investigation or prosecution of another person who has committed an offense." *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993). A defendant's sentence may be reduced "more than one year after sentence" if the government moves for a sentence reduction and if the substantial assistance given involves certain specified information. Fed. R. Crim. P. 35(b)(2). The government's refusal to file a Rule 35(b) motion is not subject to judicial review unless the defendant makes a substantial threshold showing that the government's decision was based upon an unconstitutional motive. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992) (government's refusal to seek a downward departure under USSG § 5K1.1); *Bagnoli*, 7 F.3d at 92 (government's refusal to move for a downward departure under 18 U.S.C. § 3553(e) and USSG § 5K1.1).

Upon review, this Court concludes that the district court did not abuse its discretion by denying Washington's motion to compel the government to file a Rule 35(b) motion. First, the parties did not execute a plea agreement or otherwise agree that a Rule 35(b) motion would be contemplated by the government. In fact, the record indicates that the Tennessee Assistant United States Attorney ("AUSA") did not agree to file a Rule 35(b) motion on Washington's behalf. Second, the record also indicates that the Florida AUSA notified the Tennessee AUSA of the assistance provided by Washington and his sister in a Florida drug investigation but did not demand, or even recommend, that a Rule 35(b) motion be made. Third, although he has pointed to a potentially unconstitutional motive, Washington has offered no evidence that the Tennessee

3

AUSA's refusal to file a Rule 35(b) motion on his behalf was not based on a separate and distinct constitutional motive the government offered. Under these circumstances, the government was not obligated to file and Washington was not entitled to a Rule 35(b) motion for a reduction of sentence based upon Washington's alleged post-judgment substantial assistance.

This Court further concludes that Washington was not entitled to an evidentiary hearing concerning his motion to compel. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy . . . or an evidentiary hearing." *Wade*, 504 U.S. at 186. Instead, a defendant is entitled to an evidentiary hearing "only if he makes a substantial threshold showing of an unconstitutional motive." *Bagnoli*, 7 F.3d at 92.

Washington failed to make a substantial showing that the government had an unconstitutional motive for refusing to file a Rule 35(b) motion for reduction of his sentence. The government argued that it did not file a Rule 35(b) motion because the substantial assistance provided by Washington involved a third party in another jurisdiction, which the government asserted would complicate its ability to regulate that operation and to protect those involved. Washington has offered no evidence to refute the government's assertion. Even if this Court were to accept that Washington's attempts to vacate his conviction were an impermissible reason for the government's failure to file–a proposition upon which the Court need not opine here–Washington still ultimately failed to produce evidence warranting a hearing or relief.

The Court reaches this conclusion because the existence of the independent "outside-this-jurisdiction" ground separately supports the government's decision not to file a Rule 35(b) motion and prevents Washington from being able to make a showing of an unconstitutional motive. *See United States v. Capps*, 140 F. App'x 911, 913 (11th Cir. 2005) (the presence of an independent, constitutional motive upon which the government could rely precludes a showing of

4

an unconstitutional motive). Although the trial court's September 8, 2005 margin-notation order was notably spartan, it still nonetheless expressly adopted the rationale of the government's opposition briefing. That briefing included the finding of the independent and legitimate ground for denying Washington his motion.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Washington's motion for leave to proceed in fictitious name and **AFFIRMS** the district court's order.